PALINA JOHNSON ET AL. v. J. M. HAMPTON.

No. 5106.   Decided June 25, 1928.
(8 S. W., 2d Series, 640.)

*Lloyd E. Price* and *J. C. Heard,* for plaintiffs in error.

The Probate Court had no jurisdiction in the proceedings to make sale of the separate land of Angelina Collins, the deed to her showing that all the legal title was in her, and the attempted sale thereof was a nullity.

The question of innocent purchaser does not arise when the deed or proceedings under which the purchaser claims, is a nullity.   Vivion v. Nicholson, 116 S. W., 386; Stephenson v. Marsalis, 33 S. W., 383; Zwernemann v. Von Rosenburg, 13 S. W., 485; Robinson v. Seals, 242 S. W., 754.

Where a sale is void, a purchaser at the same acquires no rights by virtue of his innocence, for he is charged, as a matter of law, with inherent lack of jurisdiction in any case.   8 C. J., 1147.

The court erred in refusing to hold that a purchaser from an administrator must take notice as a matter of law of the inherent lack of power to administer the property.

The court erred in holding that the possession of the premises by Palina Johnson was not notice to the purchaser, J. M. Hampton, of the rights in the land of her co-tenants, the other plaintiffs-in-error.   Collom v. Sanger, 82 S. W., 459; Ramirez v. Smith, 59 S. W., 258.

*Henderson & Bolin* and *W. E. Newland,* for defendant in error.

Where land is conveyed to a wife during her coverture and thereafter she and her husband both die and an administration of the estate of each of them is had in the probate court and said court enters judgments in said administration establishing claims against their community estate and thereafter enters an order requiring the administration of said estate to sell said land for the purpose of paying said claims and the administrator of said estate reports the sale of said land in conformity with such order and thereafter the probate court enters an order confirming said sale, one purchasing from said administrator in compliance with said orders of the probate court and in good faith and for a valuable consideration is an innocent purchaser. Revised Statutes of 1925, Article 3323; French v. Strumberg, 52 Texas, 92; Word v. Box, 66 Texas, 596; Sanborn v. Shuler, 86 Texas, 116; Marshburn v. Stewart, 254 S. W., 942; Bloom v. Oliver, 120 S. W., 1101; Martin v. Robinson, 3 S. W., 550; Lane v. Sanford, 19 S. W., 847; Lumpkin v. Adams, 11 S. W., 1070; Swan v. House, 50 Texas, 650.

Mr. Chief Justice CURETON delivered the opinion of the court.

This is a suit in trespass to try title, wherein the defendant in error J. M. Hampton, brought suit against the children and heirs of Grant and Angelina Collins for a 25 acre tract of land in Morris County. This tract of land was the homestead of Angelina and Grant Collins at the time of their respective deaths, which were in 1918 and 1919, and had been their homestead since 1889. Grant and Angelina Collins both died intestate, leaving the plaintiffs in error as their sole heirs. Sometime after the death of the last survivor, Grant Collins, J. R. Hampton was appointed administrator of the community estate of Grant and Angelina Collins. Several claims were filed in the probate court, and thereafter by order of the court Hampton, as administrator, sold the land to the defendant in error, his brother, in order to raise funds for the payment of debts. At the time of this administration, and for many years prior thereto, Palina Johnson, one of the heirs, was living upon and occuping the entire 25 acres. The land was in fact the separate property of Angelina Collins, but it was the homestead of both Grant and Angelina. The trial court rendered judgment in favor of the defendant in error, on the ground that he was an innocent purchaser for value of this old homestead property. Upon appeal the Court

of Civil Appeals rendered judgment in favor of the defendants in error for an undivided one-half interest in the land, and also judgment in favor of Palina for an additional one-eighth interest. It is unnecessary for us to discuss the basis of the judgment by the Court of Civil Appeals. The facts about the case, in so far as we deem them controlling, are undisputed. The tract of 25 acres of land was the homestead of Grant and Angelina Collins. The defendants in error were their heirs. The probate record shows that the debts for which this property was sold were the two coffins in which Grant and Angelina were buried, a telephone account dated long after the deaths of both of them, and the estimated expenses of the administration. It is perfectly obvious that all the so-called debts for the payment of which this homestead was sold were contracted after the deaths of both Angelina and Grant Collins. It is also perfectly apparent that the land was not sold for the payment of the purchase money, or a part thereof, or for taxes due thereon, or for work and material used in constructing improvements thereon, contracted in the manner prescribed by the Constitution. It is unnecessary to discuss the question at any very great length. The probate court had no jurisdiction whatever to entertain an administration of this estate. The Constitution, Section 16, Article 50, declares that the homestead shall be protected from forced sale for the payment of all debts except those within the three classes named above, and the rule is that unless such debts exist, the homestead passes free of all charges to the heirs on the deaths of the parents. On the death of Angelina Collins her interest in the property passed to her children free of all debts of every kind and character, except those permitted by the Constitution,—charged, however, with the right of Grant Collins to live on the land so long as he wanted to make it a homestead. When Grant Collins died, his interest in the homestead passed to the children free of all debts and charges of every kind and character, except those specially permitted by the Constitution. Cline v. Niblo, this day decided but not yet reported, and cases therein cited. In this instance the record shows that the property was not subject to administration, and all the orders and decrees of the probate court concerning the same were and are void, in so far as they relate to the sale of this homestead property. Since the decree under which the defendant in error purchased the land was void, he has no rights as an innocent purchaser. Cline v. Niblo, cited above.

The defendant in error did not testify, and therefore we are uninformed as to whether or not he knew this property was the homestead of Grant and Angelina Collins; and it is not a matter of any importance in this case. The Constitution protects the homestead of the family from forced sale, except in certain instances, to which we have already referred. It does not list in these exceptions to the protecting clause of the Constitution instances where the homestead may be sold to someone who did not know it was a homestead, and, as we have stated in another case, the fact that it was a homestead can be shown in a collateral inquiry. Cline v. Niblo, supra.

It follows from what we have said that the plaintiffs in error are entitled to recover, and the judgments of the District Court and Court of Civil Appeals are both reversed, and judgment is here rendered for the property in controversy for the plaintiffs in error.

*Reversed and rendered.*