**McDANIEL et al. v. MILNER.** (No. 12155.)

Court of Civil Appeals of Texas. Fort Worth. June 1, 1929.

Rehearing Denied June 29, 1929.

G. B. Smedley, of Wichita Falls, and Donald & Donald, of Bowie, for appellants.

W. G. Eustis and Loftin & Hall, all of Henrietta, for appellee.

DUNKLIN, J. During the years 1894 and 1907, G. W. McDaniel acquired title to three tracts of land of an aggregate area of 160 acres. McDaniel was then the husband of Josephine McDaniel and title to the property so acquired belonged to the community estate of the two. The three tracts of land were contiguous, and all of them were occupied and claimed as the homestead of the family; and no part of the land was situated in any town or city. They continued to reside on and claim those three tracts as their homestead until the death of Josephine McDaniel, which occurred June 15, 1918. Seven children were born to G. W. and Josephine McDaniel, all of whom survived the mother, and all of whom were of age at the time of her death except R. P. McDaniel, who was then 18 years of age and resided with his parents.

After the death of his wife, G. W. McDaniel continued to reside on and claim as his homestead all of said land until June 12, 1926, at which time there was a partition between him and his children, by the terms of which 80 acres, or one-half of the land, was set apart to him, and the remaining 80 acres was set apart to his children. Thereafter and on July 12, 1926, G. W. McDaniel sold and conveyed the 80 acres so set apart to him to his son G. W. McDaniel, Jr., the consideration for such sale being $2,000 in cash and the execution of a promissory note by the vendee for the sum of $1,200, secured by a

vendor's lien on the land. That note was assigned to the Empire Mortgage Company on July 19, 1926, who is now the owner and holder of the same. On June 15, 1927, G. W. McDaniel, Sr., died.

The land above described was the only property owned by G. W. and Josephine McDaniel at the time of their deaths, and both husband and wife died intestate and insolvent.

On April 15, 1910, M. Milner recovered a joint and several judgment against G. W. McDaniel, Sr., and his son T. L. McDaniel for the sum of $620.95, with interest thereon from the date of the judgment at the rate of 10 per cent. per annum, and for costs of suit. An abstract of that judgment, prepared in statutory form, was duly filed and indexed in the deed records of Clay county, Tex., in which county the land above referred to was situated. On October 13, 1910, an execution issued on that judgment was duly returned by the sheriff showing no property found subject to levy. Another execution issued March 20, 1920, was likewise returned showing no property found subject to execution.

On December 15, 1919, M. Milner recovered a second judgment against G. W. McDaniel, Sr., and his son T. L. McDaniel, jointly and severally, for the sum of $592, with interest thereon at the rate of 10 per cent. per annum and costs of suit, and execution was issued on that judgment and returned showing no property found subject to execution. An abstract of that judgment was taken out by Milner, and filed for record in the office of the county clerk of Clay county on March 30, 1920, but was never indexed, as required by the statutes. The debts for which said two judgments were rendered were community debts of G. W. McDaniel and wife, but they were not incurred for purchase money of any of the property above described, nor for taxes thereon, not for any improvements placed thereon.

This suit was instituted by M. Milner against all of the surviving children of G. W. and Josephine McDaniel, and also against the Empire Mortgage Company, to foreclose liens upon the land above described, alleged to have accrued in plaintiff's favor by reason of the filing of the abstracts of the two judgments above mentioned. A lien was also claimed by plaintiff against other lands situated in Wise county, but as to that tract plaintiff took a nonsuit.

The case was tried before the court without a jury and judgment was rendered in plaintiff's favor, decreeing and foreclosing the lien claimed by plaintiff by reason of the filing and recording of the abstract of judgment first mentioned above as against the 80 acres of land that was set apart to said children in the partition deed mentioned above, but denying a foreclosure as to the remaining 80 acres set apart to their father in said partition.

The foreclosure so decreed was for the full amount of the principal of the first judgment, together with interest and costs of suit, aggregating the sum of $1,711.83. The judgment decreed further that no lien had attached to any part of the land by the filing of the abstract of the second judgment mentioned above, since the same was not indexed, as required by the statutes.

The defendants have appealed from the judgment so rendered against them, establishing and foreclosing a lien for the first judgment, and plaintiff has filed a cross-assignment of error to the refusal of the court to establish and foreclose a lien for both judgments as against the entire 160 acres.

The facts recited above are all embodied in the trial court's findings of fact and conclusions of law, and the truth of those findings is not challenged by either of the parties; and no statement of facts has been brought up with the record.

Section 50 of article 16 of our Constitution provides that: "The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead; nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien shall have been created by the husband alone, or together with his wife: and all pretended sales of the homestead involving any condition of defeasance shall be void."

Section 51 of the same article provides that: "The homestead not in a town or city shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon. * * *"

Section 52 of the same article reads: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be per-

mitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

From the plain provisions of those articles of the Constitution and the provisions of articles 3832, 3833, and 3839, Rev. St. 1925, which are declaratory of those constitutional provisions, it is manifest that the lien asserted by reason of the first judgment against G. W. McDaniel never attached to the property in controversy or any part thereof, either before or after his death, or the death of his wife. The following decisions by the Supreme Court in opinions by Chief Justice Cureton are to that effect: Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633; Johnson v. Hampton, 117 Tex. 580, 8 S.W.(2d) 640; Ward v. Hinkle, 117 Tex. 566, 8 S.W.(2d) 641.

The second judgment obtained by Milner, referred to above, never ripened into a judgment lien by reason of the fact that the abstract thereof filed with the county clerk was never indexed as required by the statutes.

T. L. McDaniel inherited from his mother an undivided one-fourteenth interest in the entire tract of 160 acres of land free of any supposed lien arising from the filing of the abstract of judgment against his father. However, as soon as he thus acquired that interest it became subject to the lien arising from the filing of the abstract of judgment which had been recovered against him jointly and severally with his father.

Accordingly, the judgment of the trial court will be so reformed as to establish and decree a foreclosure of the judgment lien on the first judgment in favor of the plaintiff as against the defendant T. L. McDaniel on an undivided one-fourteenth interest in the 160 acres of land above described; but further decreeing that plaintiff is not entitled to any lien as against the other defendants on their interests in any part of the said 160 acres and removing said alleged liens as clouds · upon their said title. As so reformed, the judgment of the trial court will be affirmed. All cross-assignments of appellee are hereby overruled. The costs of appeal are taxed against appellee, Milner.