### COLEBURN v. UNDERWOOD et al.
#### No. 1272.

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1932.

T. Wesley Hook, of Alvarado, for appellant.

A. C. Chrisman, Penn J. Jackson, and Roy Anderson, all of Cleburne, for appellees.

BARCUS, J.

On September 17, 1929, W. I. Sherman died, leaving a surviving wife. She died in June, 1930, intestate, leaving appellees as her nearest of kin. Mr. and Mrs. Sherman owned some personal property consisting of household goods, farming implements, and work stock, and 86 acres of land, said land being at the time of his death occupied by them as their homestead. At the time of Mr. Sherman's death there was incurred certain expenses for his last sickness and funeral, and in addition thereto he owed a number of small bills. He left a will which was probated leaving all of his property to his wife. The will provided that out of his estate his debts should be paid. After Mrs. Sherman's death, appellant, J. H. Coleburn, was appointed administrator of the estate of W. I. Sherman, with the will annexed. He brought this suit against appellees seeking to subject both the personal property and the real estate to the payment of the unpaid debts of Mr. Sherman and the debt incurred in burying Mr. Sherman.

The cause was tried to the court and resulted in judgment being entered against appellees for $75, the value of the personal property belonging to the estate of Mr. Sherman which the court found they had appropriated, and refusing to subject the land to sale to pay the remaining portion of said debts.

Appellant complains of that portion of the judgment which held that the land was not subject to the payment of the debts. It appears that the land in controversy was at the time Mr. Sherman died and had been for many years the homestead of Mr. and Mrs. Sherman. The record further shows that none of the debts claimed by the administrator to be due are for purchase money or improvements. These facts being true, the probate court could not order the homestead sold to pay said debts; neither was the homestead liable therefor or subject to be sold therefor. At the time of Mr. Sherman's death, he left surviving his wife, who, under the law, was a constituent member of the family. By his will he left the homestead to her. Our law is now well settled that the homestead vests in the heirs of the deceased owner, free from community debts, if any constituent member of the family remains to take and occupy the same. Johnson v. Hampton, 117 Tex. 580, 8 S.W.(2d) 640; Milner v. McDaniel (Tex. Sup.) 36 S.W.(2d) 992; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633,

66 A. L. R. 916. Appellant's assignments of error are all overruled.

Appellees by cross-assignments of error contend that the evidence is insufficient to support the judgment rendered against them for $75. Without quoting the testimony, we think it is sufficient to support the court's finding that appellees received and converted to their own use and benefit $75 worth of the personal property which belonged to the estate of W. I. Sherman, deceased. Said cross-assignments are therefore overruled, and that portion of the judgment is affirmed.

The judgment of the trial court is affirmed.