## HALE v. HANNAH et al.
### No. 1313.

Court of Civil Appeals of Texas. Waco.
Jan. 12, 1933.

W. D. Lacey, of Centerville, for appellant.
Seale & Seale, of Centerville, for appellees.

STANFORD, J.

This suit was by E. J. Hale, as administrator of the estate of Jordan Hannah, deceased, against John Hannah and others to cancel and set aside a certain deed to them by the substitute trustee under a certain deed of trust executed by said Jordan Hannah and his wife, Cora Hannah, to the Federal Land Bank; said deed of trust covering the 100 acres of land in controversy. To this petition the defendants, John Hannah and others, filed their answer in which they excepted generally to plaintiff's original petition, a general denial, and further answered that the said Jordan Hannah, together with his wife and children, resided upon the land, using and occupying same as their homestead prior to, and at the time of, the death of the said Jordan Hannah. They alleged that it was true that Jordan Hannah and his wife executed their deed of trust to the Federal Land Bank covering the land in controversy, and that said deed of trust lien was given by said parties for, and to secure, the purchase money due upon same, and that the same was a good and valid subsisting lien upon said land; that default had been made in the payment of one of the notes described in plaintiff's original petition, and that they had purchased said land at the trustee's sale in regular order and according to law and in accordance with the provisions of the deed of trust executed to the Federal Land Bank, in which said deed of trust it was provided that the trustee, or substitute trustee, had power to sell upon default in payment of any of said installments of said note described in plaintiff's original petition; that said deed of trust as executed was one with an interest, and that the power to sell was not abrogated upon the death of the said Jordan Hannah. The defendants alleged that, said land and premises in controversy being the homestead of said Jordan Hannah during his life and at his death, the probate court obtained no jurisdiction over said land and premises, and it was unnecessary for the Federal Land Bank to file its claim with the administrator of said estate in order to collect same.

Thereupon the plaintiff, E. J. Hale, as administrator, filed certain pleadings which he styled his first supplemental petition, and in which he pleaded as follows: That Jordan Hannah left surviving him a wife, Cora Hannah, who was his lawful wife and was residing with him as such on the land in controversy at the time of his death; that no minor children survived Jordan Hannah; neither were there any unmarried daughters living with said Jordan Hannah at the time of his decease; that Cora Hannah as the surviving wife of Jordan Hannah is entitled to have set apart to her the land described in paragraph 3 of plaintiff's original petition filed in said cause as her homestead, subject to the purchase-money lien described in said deed of trust; that it was necessary for the Federal Land Bank to present its claim to the admin-

istrator before the claim could be paid, and that such claim was presented and allowed to be paid in due course of administration, but that the deed mentioned in the original petition would interfere with the orderly administration of the estate of Jordan Hannah, deceased. Thereupon the defendants urged their general demurrer to plaintiff's original petition and also to plaintiff's supplemental petition, all of which was by the court sustained, and, plaintiff refusing to amend, the trial court rendered judgment for defendants.

## Opinion.

 The record shows that Jordan Hannah and his wife, Cora Hannah, owned and occupied as their homestead the said 100 acres of land, in May, 1923, and that said Hannah and wife continued to own and occupy said land as their homestead up to the time of the death of the said Jordan Hannah about 1932, and that the surviving wife, Cora Hannah, continued, and still lives upon said land as her homestead. It also appears there was, and is, no other property that belonged to Hannah and wife or to either of them. The probate court had no jurisdiction, and could acquire none, over this homestead, except possibly to set apart said homestead for the use and benefit of the surviving wife, but this was unnecessary in this case, as the said surviving wife was already in possession, using and occupying same as her homestead. This being true, there was no necessity for an administration—in fact, there was nothing of which the administrator could acquire jurisdiction to be administered. The balance due the Federal Land Bank of Houston for purchase money for the property in question could and can be collected by sale under the power contained in the deed of trust by such trustee or substitute trustee. Not only were appellant's pleadings insufficient to authorize an administration upon the homestead of Jordan Hannah, deceased, but same could not have been amended so as to authorize such relief, and it is also true that appellant's pleadings were wholly insufficient as a basis for setting aside the trustee's deed referred to in said pleadings. Constitution of Texas, art. 16, §§ 50, 52; Rev. Civ. St. art. 3499; Rev. Civ. St. art. 3495; Wiener v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867; Slay v. Gose (Tex. Civ. App.) 233 S. W. 348; Greene v. Cass County State Bank (Tex. Civ. App.) 7 S.W.(2d) 620, 621; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916; Johnson v. Hampton, 117 Tex. 580, 8 S.W.(2d) 640; Zwernemarnn v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485.

The trial court was correct in sustaining appellees' demurrers and special exceptions and in rendering judgment for defendants.

Said judgment is hereby affirmed.