KATE SCANLAN ET AL. V. CONTINENTAL INVESTMENT COMPANY

No. 6470. Decided November 20, 1935.
Rehearing overruled January 8, 1936.
(87 S. W., 2d Series, 476.)

*Walter F. Brown,* of Houston, for appellants.

Under the provisions of the Home Rule Amendment to the Constitution the people of the City of Houston have written their own charter containing a complete and detailed system for street improvements and special assessments, and until it is amended or superseded the charter is supreme. City of Beaumont v. Fall, 116 Texas, 314, 291 S. W., 202; City of San Antonio v. Micklejohn, 89 Texas, 79, 33 S. W., 735; Wichita Falls Bldg. & Loan Ass'n. v. Cowling, 50 S. W. (2d) 837.

*Willet Wilson, William D. Orem,* and *Elbert Roberts,* all of Houston, for appellee.

Under the charter provisions of the City of Houston that "The city shall have all powers that are or hereafter may be granted to municipalities by the Constitution and laws of Texas; * * *," the Act of 1927, relating to the paving of streets and making assessments therefor is a part of the city charter of the City of Houston, although passed after the city charter had been adopted. City of Denton v. Denton Home

Ice Company, 119 Texas, 193, 27 S. W. (2d) 119; Giles v. City of Houston, 59 S. W. (2d) 208, writ of error denied.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the First District has submitted the two certified questions hereinafter stated. The certificate sets out at length the various steps taken by the City Council of the City of Houston, in respect to a paving proceeding begun in the year 1929. Various incidental matters pertaining to such proceeding are set out at length in the certificate. Houston is a Home Rule City, and has been such since the year 1913, and the proceeding was instituted and conducted in pursuance of provisions contained in the city charter, which differ in various respects from the proceeding prescribed in the Act passed by the Legislature in the year 1927, as hereinafter shown. The proceeding resulted in an assessment being made against Kate Scanlan and her two sisters, jointly, who jointly owned a parcel of land abutting the street that was paved. The city, in the year 1913, duly adopted in accordance with the Home Rule Amendment to the State Constitution, the following charter provision, among others, towit: "The city shall have all powers that are or hereafter may be granted to municipalities by the Constitution and laws of Texas; all such powers, whether expressed or implied, shall be exercised and enforced in the manner prescribed by this charter or, when not prescribed herein, in such manner as shall be provided by ordinance or resolution of the city council." By the Act of the Legislature passed in 1927 (Acts 40th Leg., First Called Sess., Chap. 106) it is provided:

"Section 1. That cities, towns, and villages incorporated either under general or special law, including those operating under special charter, or amendments of charter adopted pursuant to the Home Rule provisions of the Constitution, shall have power to cause to be improved, any highway within their limits * * *"

Section 11 of the Act reads: "Assessments against several parcels of property may be made in one assessment when owned by the same person, firm, corporation or estate, and property owned jointly by one or more persons, firms or corporations, may be assessed jointly."

Section 15 of said Act provides: "This Act shall not repeal any law, general or special, or charter provision already

in existence, but powers, terms and provisions hereof shall exist as alternative powers, terms and provisions of all other laws and charter provisions in anywise relating to the same subject matter, and any city which shall hereafter adopt or amend its own charter under the terms of the Home Rule provisions of the Constitution may provide in any such charter or amendments thereto for any or all of the powers, terms, or provisions herein contained either as alternative to or as part of or in lieu of any other charter provision then in force, * * *."

By the first certified question the court inquires if, by virtue of the charter provisions of the city, hereinabove quoted, Secton 11 of the Act became a part of the city charter.

By the second certified question the court inquires if the assessment made against the Scanlan sisters, and their property, is valid.

■ The second certified question, as put, submits the whole case. An answer to the question would involve the examination of some thirty-six assignments of error contained in the brief filed by the appellants in the Court of Civil Appeals. Under the assignments, assault is made in various respects on the paving proceeding culminating in the assessment in question. For these reasons, no answer is made to said question. 3 Texas Jur., 310.

■ With respect to the first certified question, it is contended that the city charter provisions above quoted did not have effect to make Section 11 of the Act of 1927 a part of the city charter, because the city, being a Home Rule City, did not amend its charter after the passage of said Act, as provided in Section 15 of the Act. This contention is sound. The particular provisions of Section 15, upon which the contention is based, are those which provide, in effect, that any or all the "powers, terms and provisions" contained in the Act, may be adopted by any Home Rule City by amending its charter for that purpose after the pasage of the Act. It would do violence to the express terms of this statute, if the pre-existing charter provisions of the City of Houston, adopted in 1913, were given the effect of an adoption made in pursuance of the provisions of Section 15. Besides, if said charter provisions were given that effect, the charter provisions under which the paving proceeding in question was conducted, would

be thereby rendered unconstitutional in so far as they conflict with valid provisions of this Act. Huff v. Wichita Falls, 121 Texas, 281, 48 S. W. (2d) 580. It is not to be inferred that, in adopting said charter provisions in 1913, the people of the city meant the provisions to have this effect. The first certified question is answered in the negative.

Opinion adopted by the Supreme Court November 20, 1935.

Rehearing overruled January 8, 1936.