**HUELSEBUSCH et al. v. ROENSCH et ux.**
**No. 8946, and Motion No. 9415.**

Court of Civil Appeals of Texas. Austin.
May 29, 1940.

On Rehearing June 12, 1940.

Rehearing Denied June 26, 1940.

Theo W. Lueders and John A. Kerr, Jr., both of LaGrange, for plaintiffs in error.

Victor Gleckler, of Austin, for defendants in error.

BAUGH, Justice.

The parties will be designated as appellants and appellees. The appellees were plaintiffs below; and the appellants were defendants.

The suit involved the estate of Henry Huelsebusch, deceased. Subsequent to Henry's death, his surviving widow married C. A. Roensch, who brought this suit in her behalf, against the brothers and sisters of Henry, to recover from them $1,750, alleged to have been spent by Mrs. Roensch in paying the debts against the estate of Henry Huelsebusch of which the defendants were joint heirs; and to reform a deed previously made by her to the defendants to a part of the lands owned by Henry as his separate property at the time of his death. Trial was to the court without a jury. The court found that the debts against the estate of Henry Huelsebusch amounted to $572.80; that one-half of this amount had been paid by appellees for the benefit of, and was chargeable to, the appellants, who inherited a one-half interest in Henry's estate; and rendered judgment in favor of appellees against the five appellants severally in the sum of $57.28 against each; and established and fixed a lien against the interest inherited by each of them to secure its payment. From this judgment the defendants sued out this writ of error.

■ Appellants' first contention is that there was no evidence to support the trial court's finding that Henry Huelsebusch died intestate, and that appellees were his heirs. However, an examination of the pleadings shows the appellees alleged such facts under oath; and in their answers the appellants affirmatively alleged the same facts. Consequently, no issue of fact in this regard was raised, and no proof thereof was necessary. 17 Tex.Jur., § 102, p. 332.

■ Without setting out and discussing the other contentions seriatim, it is manifest that the trial court's judgment was erroneous in two respects: 1, in that it held the brothers and sisters liable for one-half of the community debts of Henry Huelsebusch; and 2, in fixing a lien on the lands they inherited from him.

The suit, among other things, was brought on the theory that the surviving widow of Henry, having paid off the community debts, and the brothers and sisters being joint heirs to his real estate, was entitled to contribution pro rata against them. It is not controverted, but admitted, that the 81 acres of land owned by Henry as his separate estate at the time of his death, was the homestead of himself and wife; and that she continued thereafter to occupy it as such. Consequently, none of the debts paid, and for which she sought contribution, constituted any lien on such homestead. The holders thereof were merely general creditors of Henry's estate. That being true, one-half of said lands passed to his widow free of any lien; and the other half to his brothers and sisters, likewise free of any lien, there being no children. Art. 2571, R.C.S.1925; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A. L.R. 916; Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992; Coleburn v. Underwood, Tex.Civ.App. 53 S.W.2d 331.

■ Henry's brothers and sisters were in no sense personally liable for his debts, in the absence of some agreement making them so; nor were they jointly liable with his widow for their payment. McFarland v. Shaw, Tex.Com.App., 45 S.W.2d 193. Since these debts constituted no lien against the lands they inherited, and they were not personally liable, the court manifestly erred in rendering a personal judgment against them and in fixing a lien on their interests in said property where none existed in law. Of course, appellants could, by agreement with appellee, have obligated themselves personally for such debts. Appellees alleged that they did so agree, and so induced her to pay them, but the proof wholly fails to show any such agreement; and the court, as appears from the judgment recitals, did not predicate a recovery on that ground.

■ Appellants also contend that in no event, under appellees' pleading, was the establishment of any lien on the property inherited by them authorized, in that they did not specifically pray for such relief. Under the holding in Smith v. Patton, Tex.Com.App., 241 S.W. 109, this contention seems to be good.

734

' For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.

On Plaintiffs in Error's
Motion for Rehearing.

 Plaintiffs in error in their motion for rehearing ask that the portion of the trial court's judgment denying the prayer of defendants in error for reformation of the deed involved in this suit be affirmed, for the reason that it was not appealed from, nor complained of, by either party; and that it is clearly severable from the suit for contribution. In this it appears that plaintiffs in error are correct. They make no complaint of this portion of the judgment; and the defendants in error have not cross assigned any error in this regard.

Our former judgment herein reversing and remanding the cause generally is therefore modified as follows: That portion of the trial court's judgment denying to the defendants in error, plaintiffs below, a reformation of the deed involved is affirmed. In all other respects the judgment of the trial court is reversed and the cause remanded for another trial.

Granted in part and in part overruled.