## SPOOR et al. v. GULF BITULITHIC CO.
### No. 11508.

Court of Civil Appeals of Texas. Galveston.
March 4, 1943.

Rehearing Denied June 17, 1943.

Albert J. DeLange, Frank A. Stamper and Robert P. Beman, Jr., all of Houston, for Houston Title Guaranty Co., Second National Bank, and Ardis Phillips, appellants.

Miles Strickland and J. A. Copeland, both of Houston, for Mrs. Mattie Spoor et al., appellants.

Vinson, Elkins, Weems & Francis, Edgar E. Townes, Jr., and Thomas B. Weatherly, all of Houston, for appellee.

GRAVES, Justice.

This suit was instituted in 113th District Court of Harris County by Gulf Bitulithic Company, as plaintiff, against Mrs. Mattie Spoor, then the widow of J. P. Spoor who had died in February of 1935, her daughter, Melba Evangeline Spoor Walker and husband, William J. Walker, Ardis Phillips, a feme sole, Houston Title Guaranty Company, and Second National Bank of Houston, as defendants. Plaintiffs sought to recover alleged paving-cost balances of $475, and to establish and foreclose both assessment and voluntary liens, for paving property, which at all material times had constituted the homestead of Mrs. Mattie Spoor and her husband while he lived, and of herself after his death.

Judgment was entered by the trial court for plaintiff for the alleged debt, and for foreclosure of both such claimed liens, and all defendants appealed.

Admittedly, the property involved was at the time of all of the assessment pro-

ceedings—as well as at the time of execution of alleged voluntary lien papers—the homestead of Mattie Spoor and her husband, now deceased.

Ardis Phillips bought the property by deed from Mrs. Spoor and Mrs. Walker, after the paving proceedings were complete, and did not assume any indebtedness sued for by plaintiff herein. Second National Bank of Houston is mortgagee of Miss Phillips. Houston Title Guaranty Company issued title policy, and is sued as alleged holder of funds. There was no privity of contract between plaintiff and Houston Title Guaranty Company, Second National Bank of Houston, or Ardis Phillips. It was alleged that J. P. Spoor died intestate in 1935, that no administration had been had on his estate, and that Mattie Spoor and Mrs. Walker inherited his estate.

Special issues were submitted to a jury, which, with its answers thereto, were these:

"1. Do you find from a preponderance of the evidence that J. P. Spoor did not appear before M. C. Percival for the purpose of acknowledging the instrument of August 24, 1931, introduced in evidence in this cause?" Answer: "He did appear."

"2. Do you find from a preponderance of the evidence that J. P. Spoor did not acknowledge before M. C. Percival the instrument of August 24, 1931?" Answer: "He did."

"3. Do you find from a preponderance of the evidence that Mrs. Mattie Spoor did not appear before M. C. Percival for the purpose of acknowledging the instrument of August 24, 1931, introduced in evidence in this cause?" Answer: "She did not appear."

"4. Do you find from a preponderance of the evidence that Mrs. Mattie Spoor did not acknowledge before M. C. Percival the instrument of August 24, 1931?" Answer: "She did not."

The trial court entered judgment for plaintiff, which recited the verdict, but did not set it aside, and certain stated findings by the court, being generally to the effect that the only testimony impeaching the mechanic's lien contract and the certificate of acknowledgment was testimony of Mrs. Spoor; the court concluding that the certificate of the notary, which was in due form to the purport that both Mr. and Mrs. Spoor properly appeared and acknowledged the instrument before him, was not subject to such impeachment, and then proceeding further to render judgment validating and foreclosing both such declared-upon liens, notwithstanding an express finding that the property had so been the homestead of J. P. Spoor and Mattie Spoor, respectively, with personal award against Mrs. Spoor and Mrs. Walker, together with the latter's husband, for the amount of the indebtedness sued for, as well as a like recovery against the Houston Title Guaranty Company for $481.08.

■ As the fact-issues submitted to the jury and the court's judgment for the appellee notwithstanding its verdict thereon presaged, the controlling question involved in the controversy was, as to whether or not the appellee-company's declared-upon mechanic's lien contract, dated August 24, 1931, for asserted paving charges against the J. P. and Mattie Spoor homestead lot on Smith Street in the City of Houston was valid as such a lien against that property, which admittedly had at all material times, including the dates of execution of the contract and of her sale of the home to Ardis Phillips, been her homestead, as against her major defense that, while she had signed that document about the time of its date, she had never at any time ever appeared before the notary public, Percival, for the purpose of acknowledging such signing as her act and deed, nor had she ever acknowledged it as such before him or any other officer empowered to take acknowledgments.

Closely subsidiary to that controlling question was the secondary one as to whether or not the appellee's also declared-upon assessment lien, made in appellee's favor by the City of Houston in consideration of its having paved Smith Street abutting such Spoor property, on the 18th day of November, 1931, pursuant to the City's assumed power under Article 4–A, Section 7, of the Houston City Charter, was likewise valid as such.

Indeed, the appellee's brief itself thus characterizes what it termed "the main issue": "The main issue in the whole case under the pleadings and under the evidence, was whether or not Mr. M. C. Percival, the Notary Public, went to the Spoor's residence with Mr. Powell for the purpose of taking the acknowledgments of Mr. and Mrs. Spoor." But, as indicated, this court thinks that reflects only a prelude to the ultimate controversy, which was, whether or not Mrs. Spoor either in

fact appeared before that notary for the purpose of acknowledging such written instrument as having been her act, or actually acknowledged it as such.

In the given state of the record, it is concluded that the jury's verdict, upon sufficient evidence, settled both of these issues of fact in favor of appellant, Mrs. Spoor, directly, and of her fellow-appellants incidentally, requiring a consequent judgment in their favor contrarily to that so entered by the court.

In other words, under the pleadings, the evidence, and the verdict, this was an instance of where the husband did sign and acknowledge a materialman's lien on the homestead for paving the abutting street, but the wife merely signed an instrument in form of that character but did not ever appear before the notary public for the purpose of acknowledging it as her act and deed, nor in fact did she so acknowledge it at all.

That being the indisputable character of the case as made, it did not lie within the power of the trial court to disregard the jury's findings that the wife neither so appeared nor acknowledged, since that simply amounted to the court's discarding the jury's finding upon a fact-issue, and, on a cold collar, substituting its own instead. Johnson v. Moody, Tex.Civ.App., 104 S.W. 2d 583; Gumm v. Chalmers, Tex.Civ.App., 127 S.W.2d 942; Schumaker v. Whiteside-Appling Motor Company, Tex.Civ. App., 144 S.W.2d 944; Walker v. T. & N. O. R. R. Co., 150 S.W.2d 853.

■ The legal effect of such a verdict— that is, finding that the wife did not even appear before a notary for the purpose of acknowledging a claimed mechanic's lien on her homestead for such abutting street paving—has been settled with us to be that no such lien was entailed. Robertson v. Vernon, Tex.Com.App., 12 S.W.2d 991; Faulkner v. Baber, Tex.Civ.App., 41 S.W. 2d 996, 1001, points 5-6; Panhandle Const. Co. v. Flesher, Tex.Civ.App., 87 S.W.2d 273, 275, points 5, 6; Marinick v. Continental Southland Savings & Loan Ass'n, Tex.Civ.App., 97 S.W.2d 480, 483, point 4.

■ Not only is it the law that no voluntary lien of that character may be fastened upon the homestead in the absence of a properly executed and acknowledged mechanic's lien contract, but it is also equally well settled that the City of Houston was in this instance left without power to impose an involuntary lien on this homestead of Mrs. Spoor, through the means of the paving-assessment against the same, likewise declared upon by the appellee. City of Wichita Falls v. Williams, 119 Tex. 163, 26 S.W.2d 910, 79 A. L.R. 704; Higgins v. Bordages, 88 Tex. 458, 31 S.W. 52, 803, 53 Am.St.Rep. 770; Barnett v. Eureka, etc., Tex.Com.App., 234 S.W. 1081; Uvalde Rock Asphalt Co. v. Warren, 127 Tex. 137, 91 S.W.2d 321, 104 A.L.R. 1043, affirming Galveston Court of Civil Appeals, 59 S.W.2d 272; Summerville v. King, Sup., 84 S.W. 643; Harn v. American Mutual, etc., 95 Tex. 79, 65 S.W. 176.

Indeed, the appellee apparently does not seriously contend that it may herein recover upon the City of Houston's assessment-lien in its favor, if the prop of the contract-lien is first taken out from under it.

■ It also seems to be the law that the finding that Mr. Spoor both appeared before a notary and acknowledged the materialman's contract declared upon becomes immaterial as affects the rights of Mrs. Spoor in this instance, since neither his acts nor representations in that respect estopped her from claiming her constitutional and statutory homestead-rights. Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847; Bower v. Nelson, Tex. Civ.App., 138 S.W.2d 601, error refused; Thomas v. Creager, Tex.Civ.App., 107 S. W.2d 705, error dismissed; Markley v. Barlow, Tex.Civ.App., 204 S.W. 1013; Uvalde Rock Asphalt Co. v. Hightower, Tex.Com.App., 166 S.W.2d 681.

■ It follows from these conclusions, without the necessity for discussion as to the many procedural and incidental issues raised in the briefs of the parties, that neither asserted lien was valid against the property in Mrs. Spoor's hands, and that she and her daughter, Mrs. Walker, were clothed with the right to sell it to their co-appellant, Ardis Phillips, free and clear of any such claimed lien.

It likewise follows that—there being no valid lien against the property under its homestead character in Mrs. Spoor, it not being her separate estate, both she and Mrs. Walker being married women on August 24 of 1931, and no privity of contract with reference thereto existing between the appellee and any others of the

appellants, none of them having been signers of or parties to the August 24 of 1931 lien instrument—there was no personal liability for the appellee's claimed debt resting upon any one of the appellants; especially was this the case as affected the Houston Title Guaranty Company as to the $481.08 it held in escrow out of the purchase-price of the property by Ardis Phillips from Mrs. Spoor, subject to the outcome of this suit, since, as heretofore indicated, there was no privity of contract whatever between the Title Company and this appellee with reference to that fund; hence that transaction, in so far as affected appellee's claimed paving-debts and liens against Mrs. Spoor and her daughter, was clearly res inter alios acta. R.S. Article 4623. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Lee v. Hall Music Company, 119 Tex. 547, 35 S.W.2d 685; First Texas Joint Stock Land Bank v. Webb, Tex.Civ.App., 82 S.W.2d 159, error dismissed; West Texas Const. Co. v. Doss, Tex.Civ.App., 59 S.W.2d 866, affirmed Tex.Com.App., 96 S.W.2d 1116; Scanlan v. Gulf, Bitulithic Co., Tex.Com. App., 44 S.W.2d 967, 80 A.L.R. 852; Scanlan v. Continental Inv. Co., 126 Tex. 401, 87 S.W.2d 476; Continental Inv. Co. v. Armstead, Tex.Civ.App., 143 S.W.2d 1003, writ dismissed, correct judgment; Huelsebusch v. Roensch, Tex.Civ.App., 141 S.W. 2d 732, error dismissed, judgment correct; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992; Coleburn v. Underwood, Tex.Civ.App., 53 S.W.2d 331; McFarland v. Shaw, Tex.Com.App., 45 S. W.2d 193.

It may not be amiss to add that the appellee is further inept in contending here (and the trial court equally so in stating a finding to that resulting effect) that Mrs. Spoor neither pleaded nor offered evidence to show that there was any fraud on the part of the appellee-Company in initially procuring the signature of Mrs. Spoor to the mechanic's lien contract in question, and thereafter, upon that as a premise, uttering and declaring on it as a duly-acknowledged lien.

She did in her answer and cross-action specifically allege, among other things, in paragraphs 4 and 5 thereof, this:

"* * * in this connection these defendants say that no such mechanic's lien was executed and acknowledged as pleaded; that if there is any acknowledgment by either the said J. P. Spoor or both, such acknowledgment is forged, fraudulent, illegal, or executed in violation of the law, for the reason that neither of the said parties ever appeared before a Notary Public and acknowledged any such instrument or any such mechanic's lien as alleged. * * *

"* * * these defendants say that the purported mechanic's lien alleged in plaintiff's petition was procured fraudulently; that the said J. P. Spoor and wife, Mattie Spoor, never executed and acknowledged same, as alleged by plaintiff; that such purported mechanic's lien is not entitled to be recorded under the laws of this State and its recordation with said fraudulent, forged, and illegal acknowledgment annexed thereon, has cast a cloud upon the title to such property and these defendants are entitled to have such cloud removed therefrom."

In support of those allegations Mrs. Spoor testified unequivocally—supported by a number of attending circumstances shown—that she had never known that the paper she admitted having signed (that is, the claimed lien contract herein sued upon) carried any provision for a lien against her home; that she did not read it, and that the appellee's secretary, upon whose statements she implicitly relied, in inducing her to so sign it, told her that it did not—that it was a simple little agreement between himself and them, Mr. and Mrs. Spoor—that she had never seen nor known the notary, Mr. Percival, and had never appeared before him for the purpose of acknowledging that paper at any time; further, that she had never paid anything on this paving-cost, but had, at once upon her husband's death, advised the appellee that she never could nor would undertake to continue any payments he had been making thereon.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the trial court's judgment be reversed, and that the cause be here rendered in favor of all of the appellants; it will be so ordered.

Reversed and rendered.