**HOME IMPROVEMENT LOAN COMPANY, Appellant,**

v.

**Stine JOHNSON et ux., Appellees.**

No. 5176.

Court of Civil Appeals of Texas.

El Paso.

July 11, 1956.

Rehearing Denied Oct. 3, 1956.

Coffee, Cain, Read & McCracken and John C. Read, Dallas, for appellant.

R. E. Swift, Palestine, for appellees.

HAMILTON, Chief Justice.

This is a suit by appellant, Home Improvement Loan Company, on a note, and for foreclosure of a mechanic's lien on a house and lot, the homestead of appellees, Stine Johnson and wife, Lillian Johnson, located in the town of Palestine, Anderson County.

On appellee's motion for summary judgment the court denied the foreclosure of the mechanic's lien and on appellant's motion granted judgment for appellant on its note. From said judgment the Home Improvement Loan Company has appealed.

It appears that appellees entered into a contract with Marvin A. Smith Company to do certain improvements on their homestead. They signed a note in the amount of $1,521.60, and executed a mechanic's lien on their homestead to secure the payment of same. It further appears that the agent of Marvin A. Smith Company, after getting the appellees to sign said mechanic's lien, took the contract to a Notary and had him fill out the notary's certificate without either of appellees appearing before him. It further appears that when the work of the contract had been completed that the appellees executed the following certificate of completion:

"Certificate of Completion.

"Do Not Sign This Certificate Until the Work Has Been Satisfactorily Completed.

"I/we, the undersigned, hereby certify, warrant and covenant that all the articles and materials have been furnished and installed and the work completed in a satisfactory manner; on our/my premises located at 726 Broyles, Palestine, Texas in accordance with my/our Property Improvement credit application submitted to Home Improvement Loan Company., 5738 N. Central Expressway, Dallas, Texas, dated Nov. 2, 1954.

"In the event the note given to evidence the unpaid balance of the agreed purchase price of the said property improvements, is discounted or assigned, I/we agree not to assert any defenses which I/we may have with the contractor against the assignee.

"/s/ x Stine Johnson (seal)
"Borrower,
"/s/ x Lillian Johnson (seal)
"Borrower.
"Date Nov. 10, 1954."

In support of appellant's motion for summary judgment the president of appellant company by affidavit stated that he bought said note and mechanic's lien contract which appeared regular on its face, without any knowledge that the acknowledgment had not been regular, and on the strength of the above certificate of completion; stated that he relied on appellees' representation in said certificate that they would not assert any defenses which they might have with the contractor against the assignee.

■ Appellant assigns as error the action of the court in declaring the mechanic's lien contract void on the ground that it was an innocent purchaser for value and on the ground that appellee Lillian Johnson is estopped to prove that the acknowledgment was defective. As is admitted by appellees in their brief it is a well settled law in this state that a mortgage on a homestead for valuable improvements must be signed by the wife and her acknowledgment taken privily and apart from her husband, and if her acknowledgment is not so taken the mortgage is void, and is void even in the hands of an innocent purchaser for value, citing Humble Oil & Refining Co. v. Downey, 143 Tex. 171, 183 S.W.2d 426. Appellant contends, however, that a married woman may be estopped from showing the invalidity of an acknowledgment by her conduct, relying on a statement by Justice Critz in the above case, 183 S.W.2d at page 428, which is as follows:

"The only instances in which a married woman can be prevented from asserting the invalidity of a deed not separately acknowledged as required by our statutes is where she has been guilty of such active fraud in regard to the transaction as would estop her from pleading the invalidity of her acknowledgment or the certificate thereto."

■ Appellant contends that by virtue of said certificate of completion, especially the last paragraph thereof, wherein it is stated in effect that in the event the note is assigned that the appellees agree not to assert any defenses which they may have with the contractor against the assignee, is sufficient to estop the appellee from asserting that the mechanic's lien was not properly acknowledged. The laws which we have for the protection of married women have always been strictly construed in favor of the married woman, and in an enforcement thereof frequently a great hardship is caused. Judge Alexander, in his concurring opinion in the Humble Oil Company v. Downey case, supra, has this to say:

"I am by no means pleased with the results of this case, but I believe the matter is foreclosed by the provisions of Revised Statutes Articles 6605 and 6608 and the former decisions of this Court construing these statutes. If an injustice results from this decision, the responsibility therefor rests with the Legislature in retaining the above-mentioned statutes."

■ We think the signing of the above certificate of completion by the appellees wherein no mention whatsoever is made of the mechanic's lien, that their promise not to assert any defense which they may have with the contractor is confined to any defense by reason of the work contracted to be done, or any defense they may have as to the note given for the work done. We see nothing in said certificate of completion which could be taken by appellant to mean that the mechanic's lien was properly acknowledged or that no defense would be raised against such mechanic's lien. We

therefore hold that there was no estoppel as to the defense of defective acknowledgment created by the signing of said instrument by appellees.

We therefore affirm the judgment of the trial court granting judgment for appellants on the note and denying foreclosure of the mechanic's lien.