**HOME IMPROVEMENT LOAN COMPANY,**
Appellant,

v.

**Will PRUITT and wife, Ivie Pruitt,**
Appellees.

No. 7282.

Court of Civil Appeals of Texas.

Texarkana.

April 11, 1961.

Rehearing Denied April 25, 1961.

Peter S. Chantilis, Curtis White, Dallas, for appellant.

Boulter & Fowler, Tyler, for appellees.

DAVIS, Justice.

Plaintiffs-appellees, Will Pruitt and wife, Ivie Pruitt, sued appellant-defendant, Home Improvement Loan Company, for the cancellation of a promissory note, for cancellation of a mechanic's lien, and for $3,000 damages. Appellant, by answer, claimed itself to be an innocent holder of the note and lien for a valuable consideration, having purchased the note and lien from Ace Insulation Company; that appellees were estopped by their own conduct to avoid the lien, and filed a cross-action seeking judgment on the note, and for foreclosure of the lien. Trial was to the court without a jury. Judgment was entered cancelling the mechanic's lien because it was not properly acknowledged before a notary, but denying appellees any damages, and rendered judgment in favor of appellant for the full amount of the note. Appellant has perfected its appeal, and brings forward fourteen points of error.

Appellant takes the position that it is an innocent purchaser for value of the note and lien, and that appellees are estopped by their conduct to urge the invalidity of the mechanic's lien. Appellant further takes the position that there is a conflict made in the findings of the trial court, and that we should be guided by the findings of the court that are supported by certain evidence favorable to it, and that other findings are not supported by the evidence.

On February 15, 1955 an agent of Ace Insulation Company went to the home of the appellees and prevailed upon them to permit him to have their house covered with insulation. He made certain representations, and according to the evidence he told them that there would not be any lien upon the property. The agent told appellees that they would have to sign an application for credit, and a note. When they had finished signing all of the papers, one of them was a mechanic's lien. We will note, in view of the fact that the appellant claims to be an innocent purchaser, the note was made payable at the office of Home Improvement Loan Company in Dallas, Texas. Be that as it may, the appellees at the time of signing the papers did not leave their place of residence, nor go before a notary public. According to the evidence, the agent carried the mechanic's lien to a notary public in Smith County, and had her fill in their acknowledgment.

■ Appellant did not contest the fact that this was the homestead of the appellees. It admits in its brief that the Supreme Court of Texas held that a mortgage on a homestead for improvements is void, even as to an innocent purchaser for value, if the wife does not properly acknowledge the instrument. It cites Humble Oil & Refining Co. et al. v. Downey, 143 Tex. 171, 183 S.W.2d 426.

■ It contends that there were some differences as to the insulation material between appellees and Ace Insulation Company, but that Mr. Pruitt told them to go ahead and finish the job; that after they finished it, Mr. Pruitt signed a completion certificate. Anyway, appellees contend the mechanic's lien was not acknowledged by Mrs. Pruitt before a notary public as required by law, and the mechanic's lien is void. We so hold. Home Improvement Loan Company v. Johnson et ux., Tex.Civ.App., 294 S.W.2d 418, wr. ref., n. r. e.; Charlton et ux. v. Richard Gill Company, Tex.Cix.App., 285 S.W.2d 801, n. w. h.; Crews et ux. v. General Crude Oil Co. et al., Tex.Civ.App., 287

S.W.2d 243, n. w. h.; Spoor et al. v. Gulf Bitulithic Co., Tex.Civ.App., 172 S.W.2d 377, n. w. h.

There being no error in the record, the judgment of the trial court is affirmed.