**JIM WALTER CORPORATION et al.,**
**Appellants,**

v.

**M. D. BASS et ux., Appellees.**

**No. 7395.**

Court of Civil Appeals of Texas.

Texarkana.

March 20, 1962.

Rehearing Denied April 17, 1962.

Alex Beall, Clapp & Beall, Tyler, for appellants.

Crawford Parker, Jr., LeRoy LaSalle, Carthage, for appellees.

FANNING, Justice.

Plaintiffs M. D. Bass and wife sued Jim Walter Corporation for damages as result of construction defects in a shell house and for further damages to sheet rock, paneling, and other items placed in the shell house by plaintiffs (as well as for further damages to other portions of the shell house constructed originally) which further damages wer occasioned not only by the original defects but also by the further efforts of the said defendant to correct said defects by "jacking up" the house. The shell house was badly built, badly out of line, or out of "plumb", had serious roof defects, and the original bad construction, together with the "jacking up" of the house in an unsuccessful attempt to cure the defects, resulted in damages to plaintiffs, all as shown by the pleadings, evidence, findings and judgment of the trial court. The case was tried before the court without a jury. The trial court rendered a monetary judgment in favor of plaintiffs against defendant Jim Walter Corporation with certain stated interest thereon.

Plaintiffs also sued Mid-State Homes, Inc., the assignee of a mechanic's and materialmen's lien and note and deed of trust securing same, originally given by plaintiffs to Jim Walter Corporation for the construction of the shell house.

The evidence established that the property on which the shell house was to be built was the separate property of Mrs. Bass and the homestead of Mr. and Mrs. Bass. The evidence was also virtually conclusive that Mrs. Bass did not appear before any Notary Public or other authorized officer for the purpose of acknowledging the lien contract or deed of trust and no acknowledgment of either of said instruments was taken from her by any notary or other authorized officer. (Also Mr. Bass neither appeared nor acknowledged such instruments before any notary or other authorized officer.) The trial court in his judgment cancelled the liens purportedly created by such instruments.

Defendants-cross plaintiffs pleaded that in the event the court should find the mechanic's and materialmen's lien to be invalid and void against plaintiffs' homestead,

that the court should allow defendants $4,-000.00 for the reasonable value of improvements placed on said property which allegedly enhanced the value of the homestead property.

The agreed price for the house was $1,000.00 down with a note for $2,295.00 plus interest and taxes. The plaintiffs paid $1,000.00 to the Walter Corporation at the beginning and signed a mechanic's and materialmen's lien note for $3,873.60, in favor of the Walter Corporation, (along with the lien contract and deed of trust) which note and liens were assigned to Mid-State Homes, Inc., and plaintiffs soon thereafter paid $53.00 to Mid-State Homes, Inc., on the note. The trial court in his findings of fact, among other things, found that the reasonable market value of the shell house as built was $1,500.00, and deducted the sum of $1,053.00 paid by plaintiffs thereon, and rendered a judgment for the difference, $447.00, in favor of Mid-State Homes, Inc., with certain stated interest, against the plaintiffs, and also decreed cancellation of the mechanic's and materialmen's lien note. Costs were adjudicated in the manner stated in the judgment. Jim Walter Corporation and Mid-State Homes, Inc., have appealed.

Appellants present three points on appeal. By their first and second points appellants contend that the trial court erred in allowing the plaintiffs to file certain referred to trial amendments after the close of the evidence but before the rendition of the judgment. The record reveals that the trial amendments in question concerned matters which had already been fully developed by the evidence before the court and which evidence had been heard without objection. Appellants also did not request the trial court for a postponement or continuance to present any other evidence. Appellants' first and second points do not show error and are overruled. See Rules 66 and 67, Texas Rules of Civil Procedure.

By their third point appellants complain of the finding of the trial court that there

was a failure of consideration for the note in question and that same should be cancelled.

The trial court in its findings of fact, among other things, found to the effect that the shell house in question was improperly and defectively constructed and not in a good and workmanlike manner. This finding is amply supported by competent evidence of probative force. In fact, the evidence is virtually conclusive that the house was badly built, out of "plumb", the roof was defective, and there were numerous other defects, and that the further efforts of the Walter Corporation to correct the original defects by "jacking up" the house caused further damages to the house and the additional interior work done and material placed in the shell house by plaintiffs, damaging the sheet-rock, paneling, plumbing and other things added to the shell house by the plaintiffs.

The trial court's findings that the shell house was built on the homestead of plaintiffs which was separate property of Mrs. Bass, and that the wife, Mrs Bass, did not appear before a notary or other authorized officer for the purpose of acknowledging the lien contract or deed of trust, and that she never acknowledged said instruments, and that Mid-State Homes, Inc., was not a bona fide purchaser for value without notice, are amply supported by the evidence. Under such circumstances, the mechanic's and materialmen's lien contract and deed of trust were unenforceable against the homestead of appellees. Humble Oil & Refining Company et al. v. Downey, 143 Tex. 171, 183 S.W.2d 426; Spoor v. Gulf Bitulithic Co., Tex.Civ.App., 172 S.W.2d 377, error refused.

Since the improvements in question were not constructed in accordance with the contract and in a good and workmanlike manner, the note in question failed in part for lack of consideration and the trial court did not err in cancelling the note since it

granted a judgment against plaintiffs for the reasonable value of the improvements less the amount paid on same by plaintiffs. We think it is clear that appellant Mid-State Homes, Inc., the assignee and holder of the note in question, (who was not a bona fide purchaser for value without notice) could not under the circumstances of this case recover of plaintiffs the full face value of the note in question which clearly failed in large part for lack of consideration. In this connection, see Adams Nat. Bank v. Stone, Tex.Civ.App., 284 S.W. 989. Under the record in this case, all that Mid-State Homes, Inc. was entitled to recover against plaintiffs was the sum of $447.00 (with certain stated interest) as found by the trial court; and, of course, Mid-State Homes, Inc. could not recover both for improvements and for the note also. Under the record in this case the trial court properly cancelled the note in question.

. Finding that none of appellants' points present reversible error under this record, the judgment of the trial court is affirmed.

Affirmed.