In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JESSE S. PHILLIPS, as Super-intendent of Insurance, for an Order to Take Possession of the Property and Assets of the CASUALTY COMPANY OF AMERICA.

In the Matter of the Claim of MAXWELL RUBIN, Appel-lant; THE SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent.

**Insurance companies — liquidation — Superintendent of Insurance — attorneys — services — attorney employed by Superintendent of Insurance upon liquidation of insurance company — Superintendent not clothed with authority of arbitrator to fix value of services — summary petition for allowance of claim for services to receiver may be made to Supreme Court — erroneous holding that court had no power to increase award made by Superintendent — court has power to liquidate claim and direct its payment from the assets.**

1. Subdivision 6 of section 63 of the Insurance Law (Cons. Laws, ch. 28) authorizing the Superintendent of Insurance, upon liquidation of an insurance company, to employ such counsel as he may deem necessary whose compensation " shall be fixed by the Superintendent, subject to the approval of the court," does not clothe the Superin-tendent, where there is a dispute as to the value of an attorney's

services, with the authority of an arbitrator. Neither expressly nor by reasonable implication are those who deal with him advised that in the act of so dealing they have clothed him with judicial power and consented to accept what he may be willing to award.

2, One who supplies services upon the winding up of a business at the hands of a receiver may apply to the court by summary petition for the allowance of his claim and for payment upon allowance.

3. Upon petition, therefore, to the Supreme Court, by an attorney, for a determination of the amount due him for services rendered in connection with the liquidation of the business of an insurance company, upon retainer by the Superintendent of Insurance, a holding that the court had no power to increase the award made by the Superintendent was erroneous. The power of the court to liquidate the claim and direct its payment from the assets does not depend upon the power of approval reserved by subdivision 6 but is incidental to the supervision and direction of the course of liquidation (§ 63, subd. 3). The power to supervise and direct the time and method of liquidation is a power to determine the extent and validity of claims arising in the course of liquidation and growing out of its necessities.

*Matter of Casualty Co. of America (Rubin Claim)*, 217 App. Div. 681, reversed.

(Argued January 18, 1927; decided February 23, 1927.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1926, which modified and affirmed as modified an order of Special Term fixing the compensation to be paid to claimant by the Superintendent of Insurance, as official liquidator of an insurance company, for legal services rendered in the course of liquidation.

*E. Crosby Kindleberger* and *Hamilton Rogers* for appellant. The statute gives the court full power to review and change an unreasonable fixation of attorneys' fees by the Superintendent of Insurance. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 208 N. Y. 421; *People* v. *Guiton*, 210 N. Y. 1; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy*, 167 App. Div. 637; 216 N. Y. 704; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Woollcott*

v. *Shubert,* 217 N. Y. 212; *People* v. *Kaye,* 212 N. Y. 407; *City of New York* v. *Davis,* 7 Fed. Rep. [2d] 566; *People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301; *Matter of Meyer,* 209 N. Y. 386; *Assets Realization Co.* v. *De Frees,* 225 Ill. 508.) The Superintendent of Insurance was a receiver and the present act has not changed the rule that a court may disapprove and change the acts of its receivers. (*Matter of People* [*City Equitable Fire Insurance Co.*], 238 N. Y. 147; Smith on Receivers, § 634; *Weeks* v. *Weeks,* 106 N. Y. 626; *Chicago Deposit Vault Co.* v. *McNulta,* 153 U. S. 554; *Stuart* v. *Boulware,* 133 U. S. 78; *Northern Finance Corp.* v. *Byrnes,* 5 Fed. Rep. [2d] 11; *Eames* v. *H. H. Claflin,* 231 Fed. Rep. 693; Clark on Receivers, 1037, § 973; *Seligman* v. *Friedlander,* 199 N. Y. 373; *North British & Mercantile Ins. Co.* v. *Merchants' National Bank,* 161 App. Div. 341; *Kleinman* v. *Chase National Bank,* 124 Misc. Rep. 173.) The appellant was not required to bring an action. (*Martin* v. *Camp,* 219 N. Y. 170; *Matter of Dunn,* 205 N. Y. 398; *Andrewes* v. *Haas,* 214 N. Y. 255; *Matter of City of New York,* 219 N. Y. 192; *Greenberg* v. *Remick & Co.,* 230 N. Y. 70; *Robinson* v. *Rogers,* 237 N. Y. 467.)

*William J. Cahill* and *Clarence C. Fowler* for respondent. The jurisdiction of the Supreme Court should not be asserted in this proceeding to fix directly compensation of counsel where the statute directly provides for a fixation by the Superintendent of Insurance. (*Donaldson, Insurance Commissioner,* v. *Jefferson Fire Insurance Co.,* Commonwealth Docket, 1921; *Filene's Sons* v. *Ward,* 245 U. S. 597.) The liquidator under the provisions of the statute is not a receiver, and the process of liquidation thereunder is administrative only. (*Matter of Union Bank,* 176 App. Div. 477; *Matter of Knickerbocker Life Ins. Co.,* 199 App. Div. 503; *Van Tuyl* v. *Scharman,* 208 N. Y. 53; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *Martyne* v.

*American Union Fire Insurance Co.*, 216 N. Y. 183; *Matter of Chetwood*, 165 U. S. 443; *Matter of Earl*, 92 Fed. Rep. 202; High on Receivers [4th ed.], 445.) The order of Special Term substituted judicial discretion and authority for statutory direction. (*Osborn v. U. S. Bank*, 22 U. S. 737; *Tripp v. Cook*, 26 Wend. 152; *Smith & Sons, etc.,* v. *Ball*, 122 N. Y. Supp. 187; *People ex rel. Harris v. Land, etc.*, 149 N. Y. 26; *Louisiana v. McAdoo*, 234 U. S. 627.) The words " subject to the approval of the court " in subdivision 6 of section 63 are no authority for the motion to fix compensation herein by the Supreme Court or for the order which was appealed from. (*Doty v. Lyman*, 44 N. E. Rep. 337; *Matter of Norske Lloyd Ins. Co.*, 242 N. Y. 148.)

CARDOZO, Ch. J. An order of the Supreme Court directed the Superintendent of Insurance to liquidate the business of the Casualty Company of America, a domestic corporation. Maxwell Rubin, a member of the bar, was retained by the liquidator to take charge of an important law suit. Nothing was said at the time of the employment about the amount to be paid. The services began in March, 1923, and continued till the end of December, 1924. In the meantime the Superintendent in office at the time of the retainer had been superseded by another, whose term of office began after the chief services were over. Mr. Rubin put in a bill for $8,500, a balance arrived at after valuing the services at $10,000 and crediting $1,500 paid upon account. The Superintendent rejected the bill as excessive. He fixed the value of the services at $3,500, and the balance then due at $2,000. The claimant, dissatisfied, petitioned the Supreme Court to determine what was due. The court held, after a preliminary reference, that the services were worth $8,000 (which left the balance due $6,500), but remitted the matter to the liquidator to value the services again in the light of the court's opinion. The liquidator,

unmoved, reaffirmed his valuation. Upon a second motion, the court again disapproved the action of the liquidator, again fixed the value at $8,000, and ordered payment accordingly. There followed an appeal to the Appellate Division. The order was there modified by re-establishing the Superintendent's valuation. The court did not hold that the award was adequate. The holding was that there was no power to increase it. This was thought to follow from provisions of the statute (Ins. Law, § 63, subd. 6; Cons. Laws, ch. 28). As between liquidator and claimant, the former, in the view of the Appellate Division, had been made the final judge of the value of the services. The court might cut down. It had no power to enlarge.

The liquidation of insurance companies in this State is governed by a statute adopted, in its main features, in 1909. The system of liquidation by receivers specially appointed had proved to be dilatory and wasteful. The Legislature substituted administration by a department of the government. Upon the application of the Superintendent of Insurance, an order may be made by the Supreme Court for the liquidation of the business. The work is to be done by the Superintendent and his deputies, but under the supervision of the court, and subject to its direction. " Such liquidation shall be made by and under the direction of such superintendent, and his successors in office, who may deal with the property and business of such corporation in their own names as superintendents, or in the name of the corporation, as the court may direct " (L. 1909, ch. 300, § 63, subd. 3). Where the business to be liquidated is that of a foreign corporation the rights and duties of the Superintendent are those of an ancillary receiver (§ 63, subd. 5; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147). There may be rules and regulations with a view to orderly administration, but these, too, are to be " subject to the approval of the court " (§ 63, subd. 7). Assistants may be employed,

and other expenses incurred, but again " the approval of
the court " is to be a check upon waste (§ 63, subd. 6).
" For the purpose of this section, the superintendent shall
have power to appoint, under his hand and official seal,
one or more special deputy superintendents of insurance,
as his agent or agents, and to employ such counsel,
clerks and assistants as may by him be deemed necessary,
and give each of such persons such powers to assist him
as he may consider wise.  The compensation of such
special deputy superintendents, counsel, clerks and
assistants, and all expenses of taking possession of and
conducting the business of liquidating any such corpora-
tion shall be fixed by the superintendent, subject to the
approval of the court, and shall, on certificate of the
superintendent, be paid out of the funds or assets of such
corporation."

We do not read this subdivision as clothing the Super-
intendent with the authority of an arbitrator.  If he is
an arbitrator to fix the value of the services of counsel or
assistants, he may fix with like finality the value of supplies
such as stationery and coal, or even the rental to be paid
for the occupation of an office.  His authority, whatever
it is, extends to " all expenses of taking possession of and
*  *  *  liquidating " the business.  We cannot bring
ourselves to believe that those who deal with a liquidator
as employees or as vendors or as landlords of a building
are to be held, upon the basis of this curt and indefinite
enactment, to have made him as against themselves a
judge in his own cause.  The enactment, as we view it,
was framed to meet the needs of a different situation.
The liquidator may find it convenient in the administra-
tion of the business to hire deputies or clerks or counsel
at an agreed rate of compensation, or to attain a like
result, when agreement has been omitted in advance, by
the approval of a bill or the settlement of an account,
the approval or the settlement being ineffective without
the creditor's assent.  He may find it convenient, when

incurring other expenses, to follow the same course.   He has authority under the statute to do this if he will.   The statute is notice to him, however, and to any one who deals with him, that the agreement, whatever its form, is of merely provisional validity.   He may fix the rate of compensation as a trustee or an assignee for creditors or a receiver may be said to fix it (cf. L. 1903, ch. 336, § 9), but subject at all times to the approval of the court. The meaning is that even when he acts, the court shall have a veto.   On the other hand, there may be times when he will find it convenient or economical, when incurring an obligation, not to fix a rate at all.   He may occupy a building or buy supplies or hire clerks or counsel without agreement of any kind except the one implied by law that the compensation shall be fair.   When an account is afterwards submitted, he may be unwilling to approve.   We cannot read the statute as vesting him with power in such a case to fix the payment as a judge, and, what is more, to fix it finally, exempt from all review.   A power so extraordinary must rest upon explicit grant (Maxwell on Interpretation of Statutes, pp. 149, 152; *Fisher* v. *Blight*, 2 Cranch, 358, 390).   There should be warning, and warning unmistakable, that whoever deals with a liquidator upon the basis of an implied agreement consents to abide by the sense of fairness of the debtor in the appraisal of the value, and foregoes to that extent the protection of the courts.   We cannot find such warning in this indefinite enactment.

The power of the court to liquidate this claim and direct its payment from the assets does not depend upon the power of approval reserved by subdivision 6 where the amount has been fixed by the liquidator through agreement with the creditor or with the creditor's consent. The power is incidental to the supervision and direction of the course of liquidation (§ 63, subd. 3).   By the settled practice of the Court of Chancery, one who supplies

29

services upon the winding up of a business at the hands of a receiver may apply to the court by summary petition for the allowance of his claim and for payment upon allowance (High on Receivers, § 254-b; 19 Abb. N. C. 371 *et seq.*, note). We cannot doubt that a like jurisdiction, and one equally summary, exists today as an incident to the judicial supervision of the liquidation of an insurance company by the statutory liquidator. There was some suggestion in the court below that the claimant's remedy, if any, was a remedy by action, and not by motion or petition. The boon of prompt and economical administration would be needlessly sacrificed if this suggestion were accepted. The power to supervise and direct the time and method of liquidation is a power to determine the extent and validity of claims arising in the course of liquidation and growing out of its necessities.

Argument is made that what the liquidator does in fixing the value of a service, if not exempt altogether from review by the courts, must be held to be exempt unless power and discretion have been flagrantly abused. When he is merely wrong, the court is helpless, but when he is very wrong indeed, its authority is restored. There can be no basis for this distinction unless it be in the assumption that the Superintendent is an arbitrator whose award is not impeachable for error in the determination of the merits, but impeachable only for mistake appearing upon the face thereof, or for fraud, or abdication of duty equivalent to fraud (*Fudickar* v. *Guardian M. L. Ins. Co.*, 62 N. Y. 392; *Sweet* v. *Morrison*, 116 N. Y. 19, 33; *Matter of Burke*, 191 N. Y. 437, 440; *Davis* v. *Henry*, 121 Mass. 150, 154; 3 Williston, Contracts, § 1929-a). But an arbitrator he is not, as we have already sought to show. Neither expressly nor by reasonable implication are those who deal with him advised that in the act of so dealing they have clothed him with judicial power, and consented to accept what he may be willing

to award. In the case now at hand, his attempted exercise of power has resulted in an appraisal whereby services have been estimated at only 43¾ per cent of their value as now judicially determined. Terms more distinct than any to be found in this enactment must stamp him a judge before the courts will be shorn of the power of supervision that would otherwise be theirs.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Ordered accordingly.