In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, Respondent, for an Order to Take Possession of the Property of the NORTHERN INSURANCE COMPANY OF MOSCOW, Appellant.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, Respondent, for an Order to Take Possession of the Property of the MOSCOW FIRE INSURANCE COMPANY OF MOSCOW, RUSSIA, Appellant.

(Argued January 5, 1931; decided February 10, 1931.)

434

*Paul · Bonynge* and *Daniel A. Dorsey* for Northern Insurance Company of Moscow, appellant. The surplus assets should be released under such safeguards for the protection of creditors and stockholders as the court deems appropriate. (*Andre* v. *Beha,* 240 N. Y. 605; *First Russian Ins. Co.* v. *Beha,* 240 N. Y. 601; *Russian Reinsurance Co.* v. *Stoddard,* 240 N. Y. 149; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *James & Co.* v. *Rossia Ins. Co.,* 247 N. Y. 262; *Joint Stock Co.* v. *National City Bank,* 240 N. Y. 368; *Moscow Machine Tool & Engine Co.* v. *Richard,* 240 N. Y. 707; *People* v. *Granite State Provident Assn.,* 161 N. Y. 492.)

*Frederick B. Campbell* and *Paul C. Whipp* for Moscow Fire Insurance Company, appellant.

*James F. Donnelly, Alfred C. Bennett, John M. Downes* and *Clarence C. Fowler* for Superintendent of Insurance, respondent. Under no conditions should the surplus funds be transmitted to the directors at the present time. (*Gaul* v. *Kiel Co.,* 133 App. Div. 621; 199 N. Y. 472; 152 N. Y. 251; *Koster* v. *Pain,* 41 App. Div. 443; *Meinhard* v. *Salmon,* 249 N. Y. 458; *Gamble* v. *Queens County Water Co.,* 123 N. Y. 91; *Farmers L. & T. Co.* v. *N. Y. & N. R. Co.,* 150 N. Y. 410; *Munson* v. *Syracuse,* 103 N. Y. 58; *Meeker* v. *Winthrop Iron Co.,* 17 Fed. Rep. 48; *Erwin* v. *Oregon R. & N. Co.,* 27 Fed. Rep. 625; *Bradley* v. *Converse,* 4 Cliff. 375; *Wendt* v. *Fisher,* 243 N. Y. 439; *Seymour* v. *Spring Forest Cemetery Assn.,* 144 N. Y. 333; *Duncomb* v. *N. Y., H. & N. R. Co.,* 84 N. Y. 190; *Blake*

v. *Buffalo Creek,* 56 N. Y. 485; *Barnes* v. *Brown,* 80 N. Y. 527.)

*John J. Bennett, Jr., Attorney-General (Joseph C. H. Flynn* of counsel), for State of New York.

*Per Curiam.* The situation of these appellants differs from that of the First Russian Insurance Company and the Russian Reinsurance Company of Petrograd, in that the corporations are no longer represented by a quorum of the directors.

The Moscow Fire Insurance Company of Moscow, Russia, is left with but one director, and the Northern Insurance Company of Moscow with two.

Directors less than a quorum may be treated as conservators of the property of their companies when there are assets within the State that might otherwise be lost (*Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.,* 255 N. Y. 120). Even so, a court of equity will exercise a measure of discretion before surrendering possession to claimants whose powers and duties are born of an emergency.

Delivery of the assets to directors not constituting a quorum should be conditioned upon the execution of a surety company bond to the People of the State, in a sum equal to the value of the assets so delivered, with a condition to the effect that the director or directors shall faithfully apply the assets to the use of the corporation, its creditors and shareholders, the bond to be enforcible, in case of breach of the condition, by the corporation or by any creditor or shareholder affected thereby.

In the event of inability or failure to comply with this condition, delivery may be made to a trust company in the city of New York as agent or depositary upon the stipulation of the insurance company and its conservators that the fund will not be withdrawn except upon the order of a court of competent jurisdiction.

The orders of the Appellate Division and those of the Special Term should be reversed, and orders entered dissolving the injunction and directing the transfer or deposit of the surplus in accordance with this opinion.

The form of the order and of the bond prescribed thereby may be settled upon notice.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.