Moscow Fire Insurance Company, of Moscow, Russia, and Paul Lucke, as Sole Surviving Director of Moscow Fire Insurance Company, of Moscow, Russia, and Conservator of Its Property, Plaintiffs, v. Bank of New York and Trust Company, as Agent or Depositary of Said Moscow Fire Insurance Company, of Moscow, Russia, and of Said Paul Lucke, as Surviving Director and Conservator, and Others, Defendants.*

Samuel E. Morrow and Others, in Behalf of Themselves and All Other Stockholders of Moscow Fire Insurance Company, of Moscow, Russia, Plaintiffs, v. Moscow Fire Insurance Company, of Moscow, Russia, Paul Lucke and Bank of New York and Trust Company, as Agent and Depositary of Said Moscow Fire Insurance Company, of Moscow, Russia, and of Said Paul Lucke, Defendants.

United States of America, Intervenor.

Campbell & Whipp, Appellants; United States of America and Bank of New York and Trust Company, Respondents.

Moscow Fire Insurance Company, of Moscow, Russia, and Paul Lucke, as Sole Surviving Director of Moscow Fire Insurance Company, of Moscow, Russia, and Conservator of Its Property, Plaintiffs, v. Bank of New York and Trust Company, as Agent or Depositary of Said Moscow Fire Insurance Company, of Moscow, Russia, and of Said Paul Lucke, as Surviving Director and Conservator, and Others, Defendants.*

Samuel E. Morrow and Others, in Behalf of Themselves and All Other Stockholders of Moscow Fire Insurance Company of Moscow, Russia, Plaintiffs, v. Moscow Fire Insurance Company, of Moscow, Russia, Paul Lucke and Bank of New York and Trust Company, as Agent and Depositary of Said Moscow Fire Insurance Company, of Moscow, Russia, and of Said Paul Lucke, Defendants.

United States of America, Intervenor.

Michael Imchanitzky, Appellant; United States of America and Bank of New York and Trust Company, Respondents.

First Department, January 15, 1937.

* See, also, 161 Misc. 903.

*Frederick B. Campbell* of *Campbell & Whipp, pro sese,* appellants.

*Alfred L. Green,* for the appellant Michael Imchanitzky.

*Edward J. Ennis, Assistant United States Attorney,* of counsel [*Lamar Hardy, United States Attorney for the Southern District of New York*], for the respondent United States of America.

*Elizabeth M. Graham* of counsel [*Emmet, Marvin & Martin,* attorneys], for the respondent Bank of New York and Trust Company.

GLENNON, J. The question to be determined upon this appeal is whether or not the appellants are entitled to immediate payment for legal services out of the surplus funds of the Moscow Fire Insurance Company before adjudication of the claim of the intervenor respondent that it is the sole and exclusive owner of the funds by virtue of an assignment from the Soviet State. In our view both appellants are entitled to immediate payment.

The Superintendent of Insurance, in 1925, was directed by the Supreme Court, New York county, to take possession of the

property and conserve the assets in the United States of the Moscow Fire Insurance Company.

In the early part of 1931 the Court of Appeals determined the procedure which should be followed as to the disposition of the surplus assets of branches in this State of the Moscow Fire Insurance Company after liquidation by the Superintendent of Insurance. (*Matter of People* [*Northern Ins. Co.*], 255 N. Y. 433.) Later, in August, 1931, upon an application of the Moscow Fire Insurance Company, the court at Special Term entered an order which contained two alternative provisions under which the Superintendent of Insurance might deliver the surplus assets to Paul Lucke as conservator. The first, which was not pursued, provided for the filing of a surety bond in a sum equal to the value of the assets. The second provision, which was followed, embodied a direction to the Superintendent to deliver the assets to the Bank of New York and Trust Company as the agent or depositary of the Moscow Fire Insurance Company, " and of the said Paul Lucke as surviving director and conservator, upon the filing with the clerk of this court of a written stipulation of said Moscow Fire Insurance Company and of said Paul Lucke as such surviving director and conservator of said Company, that such surplus assets or fund will not be withdrawn except upon the order of a court of competent jurisdiction."

The conservator on April 19, 1933, instituted the first entitled action which appears in the judgment, for the purpose of obtaining instructions as to the disposition of the surplus assets. The second action was commenced by the stockholders. The two subsequently were consolidated and referred to a referee to hear and determine. Among the many matters which were passed upon by the referee were the claims made by the appellants for legal services rendered in connection with the liquidation proceedings at the request of the conservator. On August 22, 1934, a judgment covering the claims now under consideration was duly entered.

Undoubtedly, the appellants' claims would have been satisfied long ago were it not for the fact that the respondent, United States of America, took the position that it was entitled to the entire surplus fund by virtue of its assignment, dated November 16, 1933, from the Russian State. An action was commenced by the government to obtain immediate possession in the Federal court on August 22, 1934, which, by coincidence, is the date of appellants' judgment. The complaint in that action was dismissed upon jurisdictional grounds (*United States* v. *Bank of New York & Trust Co.*, 296 U. S. 463), and the United States of America was remitted to the State court to present its claim in this action. Thereafter

a motion to intervene was made and granted. That order, dated April 13, 1936, restrained the respondent bank as depositary pending further order of the court from paying out any of the funds of the Moscow Fire Insurance Company in its possession.

Thereafter the appellants made this application for immediate payment of the amounts fixed by their judgment of August 22, 1934, as compensation for services rendered. The government interposed an objection principally upon the ground that the appellants should not be paid out of the fund before adjudication of the claim of the United States of America to the entire fund.

We are of the opinion that the position of the government is not well taken. Irrespective of the validity of its claim the appellants are entitled to payment for services rendered in the protection, preservation and administration of the funds of the fire insurance company, as their claims take priority over that of the government. (*Matter of Casualty Co. of America* [*Rubin Claim*], 244 N. Y. 443; *Schoenherr* v. *Van Meter*, 215 id. 548; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 id. 27; *Meddaugh* v. *Wilson*, 151 U. S. 333.)

The government does not insist that the appellants eventually will not be entitled to any payment whatever out of the surplus fund. It simply contends that the court below properly exercised its discretion in refusing payment until the claim of the United States eventually is adjudicated, since, if the claim of the government should be upheld it will be necessary to determine whether or not the services rendered by appellants were essential for the preservation, administration and protection of the funds of the Moscow Fire Insurance Company. We cannot agree with this argument. If the appellants are entitled to payment at all they should receive it now. The value of the services rendered and their necessity have been determined by the judgment of August 22, 1934. That judgment was rendered on the merits after trial, and is final.

Accordingly, the orders of Special Term should be reversed, with twenty dollars costs and disbursements to the appellants upon each appeal, and the motions granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements to the appellants upon each appeal, and the motions granted. Settle orders on notice.