STATE BOARD OF INSURANCE ET AL V. HONORABLE CHAS. O. BETTS, JUDGE OF THE DISTRICT COURE OF TRAVIS COUNTY, TEXAS. 98TH JUDICIAL DISTRICT, AND HORACE WIMBERLY ET AL.

No. 6870. Decided July 16, 1958.
(315 S.W. 2d Series 286)

*Will Wilson*, Attorney General, *Fred Werkenthin* and *C. K. Richards*, Assistants Attorney General for relator.

*Cantey, Hanger, Johnson*, of Fort Worth, *Harry S. Pollard*, of Austin and *Rudy Price, Eskridge, Groce & Hebdon*, of San Antonio, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is an original action of mandamus wherein the State Board of Insurance and the Insurance Commissioner pray that the respondent District Judge be instructed to expunge, set aside, and hold for naught an order entered by him, dated May 1, 1958 which purports to increase the monthly compensation allowed to V. F. Taylor, Horace Wimberly and A. M. La Croix, attorneys for the liquidator-receiver in insurance company receivership cases pending in the District Court of Travis County, Texas, 98th Judicial District.

Respondents contend that the provisions of Article 21.28, Sec. 12(b) of the Insurance Code are directory only despite the mandatory import of the words selected by the Legislature. The particular sub-section involved reads as follows:

"(b) Appointments, Expenses. The Board shall have the power to appoint and fix the compensation of the liquidator and of such special deputy liquidators, counsel, clerks, or assistants, as it may deem necessary. The payment of such compensation and all expenses of liquidation shall be made by the liquidator out of funds or assets of the insurer on approval of the Board. An itemized report of such expenses sworn to by the liquidator and approved by the Board, shall be presented to the court from time to time, which account shall be approved by the Court unless objection is filed thereto within ten (10) days after the presentation of the account. The objection, if any, must be made by a party at interest and shall specify the item or items objected to and the ground of such objection. The court shall set the objection down for hearing, notifying the parties of the setting. The burden of proof shall be upon the party objecting to show that the items objected to are improper, unnecessary or excessive."

(Under the 1957 amendment to the Code, the power to fix compensation devolved upon the Insurance Commissioner. See, State Board of Insurance v. Betts, this volume 83, (Cause No. A-6540) 308 S.W. 2d 846, l.c. 949. Acts 1957, 55th Leg. Ch. 499, p. 1454; Arts 1.02 to 1.09 incl., Vernon's Anno. Texas Ins. Code)

The challenge order makes no reference to the statute and the District Judge undoubtedly believed that he possessed the authority to raise the salaries, fees or stipends of attorneys serving in his Court without reference to the statutory powers vested in the State Board of Insurance and the Insurance Commissioner. This is made abundantly clear by the terms of the order itself which recites, as a basis for the action taken, that there had been no increase in the compensation paid to such attorneys since May 1, 1957, although the work load had increased. It was accordingly ordered "that effective May 1, 1958, V. F. Taylor, Horace Wimberly and A. M. LeCroix, attorneys, be paid additional fees in the sum of $50.00 per month, in addition to all legal fees and expenses heretofore authorized and set by Orders of this Court; * * *."

Article 21.28, Sec. 12(b) not only provides that the Insurance Commissioner under the supervision of the State Board of In-

surance (Artcile 1.02 of the Insurance Code) shall have the power to appoint and fix the compensation of counsel but also directs the method and means by which payments or compensation may be made. The supervisory authority of the district cuort in this particular is also set forth in some detail. We are not here concerned with an unsettled or unliquidated claim for services rendered by an attorney for a receiver, but rather with a month to month employment upon a specified salary basis. While in the first Betts case, (State Board of Insurance v. Betts, No. A-6540, this volume 83, 308 S.W. 2d 846), we recognized that the District Judge was vested with extensive supervisory powers under our statutory plan of insurance company liquidation and rehabilitation, we did not hold that the provisions of Article 21.28 were directory only. The District Judge here has attempted by unilateral action to raise the monthly compensation to be paid lawyers employed on a semi-permanent basis to handle the legal work involved in receivership cases. We do not believe the case of the Casualty Company of America, 244 N.Y. 443, 155 N.E. 735, 736, cited in our former opinion, supports this action. That case involved an unliquidated claim for services rendered by an attorney. The applicable statutory provision was that:

"* * * The compensation of such special deputy superintendents, counsel, clerks and assistants, and all expenses of taking possession of and conducting the business of liquidating any such corporation shall be fixed by the superintendent, subject to the approval of the court, and shall, on certificate of the superintendent, be paid out of the funds or assets of such corporation."

The New York Court of Appeals held that the superintendent of insurance was not an arbitrator clothed with absolute and final authority to settle the claim and thus be a "judge in his own cause." The opinion, however, makes a distinction between the case where one is employed at an *agreed* rate of compensation (in which case the court possesses a veto power under th New York statute) and the case wherein no rate of compensation is set but the amount thereof is left to an implication of law. This latter situation gives rise to an unsettled claim and was the one considered by the New York Court in the cited case.

Here, we have what amounts to an employment at an agreed or set rate of compensation. A salary scale had been adopted and respondent attorneys have been paid compensation in accordance therewith. On May 1, 1958 the District Judge sought to

effect an increase of salaries for the stated reason that in his opinion such salaries were inadequate and unfair to the respondent attorneys. In so doing he encroached upon a field of discretionary power vested in the Insurance Department by statute. The fact that numerous transactions incident to an insurance company receivership are placed under the supervision of the court does not operate to destroy all discretionary powers of the Insurance Department, Re People (Title v. Mortgage Guaranty Co.), 264 N.Y. 69, 190 N.E. 153, 96 A.L.R. 297, nor will it justify our overriding the statute in order to support the questioned order. To permit the Insurance Department to set the salaries of those engaged in the liquidation of insurance companies does not necessarily interfere with the constitutional authority of the judicial branch of government. As pointed out in the first Betts case, the winding up of a corporation's affairs is not necessarily a judicial function. (This volume 83, 308 S.W. 2d 846).

In the present case there is no suggestion of nonaction on the part of the State Board of Insurance or the Insurance Commissioner as was the situation in the former case. We therefore conclude that the disputed order is void. There is no statutory authorization supporting it and hence a writ of mandamus will lie to expunge the void order from the records of the 98th District Court. State Board of Insurance v. Betts, Texas Sup. Ct. (Cause No. A-6901) this volume 612, 315 S.W. 2d 279.

Some contention is made on behalf of respondents Wimberly and Le Croix that their fifty dollar per month pay raise was permitted by a budget order of the Board of Insurance and that the liquidator-receiver consented to the District Judge's action of May 1, 1958.

It appears from the exhibits before us that some time prior to the filing of this action, the respondent District Judge, rather than the Insurance Department had in effect set the amount of salary or fees to be paid to attorneys representing the liquidator-receiver in the 98th District Court.

On May 1, 1957 the respondent Betts, acting as Judge of the 98th District Court, entered certain orders setting and allowing the following legal fees to the respondents, namely, V. F. Taylor—$900.00 per month ($10,800.00 per year), Horace Wimberly—$650.00 per month ($7,800.00 per year), and A. M. Le Croix—$600.00 per month ($7,200.00 per year).

At the time this action was taken there was in effect an

order of the Board of Insurance Commissioners dated January 25, 1957 which specified the following maximum salaries for attorneys in the Legal Section of the Liquidation Division of the Insurance Department:

1   Chief Attorney—to be a person licensed to practice in the State and Federal Courts, $9,600.

2   Attorneys—to be persons licensed to practice in the State and Federal Courts, $7,500.

3   Attorneys—to be persons licensed to practice in the State Courts of Texas, $6,900.

On May 29, 1957 (prior to the effective date of the 1957 amendments to the Insurance Code) the Board of Insurance Commissioners, composed of John Osorio, J. P. Gibbs and Mark Wentz took cognizance of Judge Betts' order of May 1, 1957 and recognized a conflict between the orders of the District Judge and the salary scale set by the Board, but nevertheless adopted an order which recited and provided that:

"The salary scale established by Order of this Board dated January 25, 1957, for the attorneys of the Liquidation Division is in line with the salary scale authorized by the Legislature for the Attorney General's Department of this State. This Board can find no reason for a higher pay scale for the attorneys of the Liquidation Division of the Board than that authorized to be paid to the members of the Attorney General's Department. However, the Liquidator employed by this Board must issue salary checks at the end of this month to these employees, and he is in a conflicting position between the Orders of this Board and the Orders of this said Court. Therefore, pending further legal study and research by this Board and by the Attorney General's Department of the conflict between the Orders of this Board and the said District Court, the Board hereby authorizes its Liquidator, J. D. Wheeler, to issue salary checks in line with the said Orders of the said District Court for the month of May, 1957 only, and future salary payments will be subject to further Orders of this Board, or its successor."

On June 28, 1957, after the effective date of the 1957 amendments to the Insurance Code, William A. Harrison, Commissioner of Insurance, re-affirmed the position taken by the predecessor authority in words practically identical with those hereinabove set out, but authorized the liquidator "to issue salary

checks in line with the said orders of the District Court for the month of June, 1957, only." Similar orders were entered thereafter by Harrison in subsequent months pending the completion of the legal study and research being conducted by the Insurance Department and the Attorney General.

On October 15, 1957 the Commissioner of Insurance adopted a budget order which contained the following items relating to the maximum salaries for attorneys in the Legal Department of the Liquidation Division:

1 General Attorney, $10,800.00.

3 Attorneys, $8,400.00

3 Attorneys, $7,500.00

While the $50.00 per month pay raise awarded to Taylor by the District Judge on May 1, 1958 would be a $600.00 per year increase over the $10,800.00 annual salary provided by the order of May 1, 1957 and thus exceed the maximum budget allowance by $600.0, Wimberly and Le Croix say that their $50.00 per month increase ($600 plus $7800 and $600 plus $7200) would not exceed the $8,400.00 figure set as the budget maximum for three attorneys in the October 15, 1957 budget order. They also say that sometime prior to the entry of the order of May 1, 1958 the liquidator-receiver James M. Williamson had said orally that the proposed $50.00 raises were "okeh" with him.

Whatever problem may be suggested by these various orders and actions is obviated by the fact that prior to the order of May 1, 1958 Wimberly and Le Croix were being actually paid annual salaries of $7,800.00 and $7,200.00, respectively; that these salaries had not been raised by action of the Board of Insurance or the Insurance Commissioner, but on the contrary said Board and Commissioner refused to go along with the District Judge (or to approve the okeh of the liquidator-receiver, if we assume that his okeh was actually given) and by an official order dated May 14, 1958 directly challenged the District Judge's action in raising the salaries of the attorneys mentioned. This order states that:

"It has come to the attention of the State Board of Insurance and the Commissioner of Insurance that on May 1, 1958 * * * the 98th District Court entered an order increasing the com-

pensation paid to Messrs. Taylor, Wimberly and Le Croix by the sum of Fifty ($50.00) Dollars per month. This increase to such attorneys has not been authorized or approved by the State Board of Insurance and Commissioner of Insurance under the authority of Article 21.28, Texas Insurance Code, and the need, necessity and propriety for the increase has not been made known to the State Board of Insurance or the Commissioner of Insurance by anyone. It is the opinion of the State Board of Insurance and Commissioner of Insurance that such Order of the 98th District Court is not in accordance with law, and in particular, Article 21.28, Section 12, Texas Insurance Code."

We are thus again confronted with the question of whether or not the provisions of Article 21.28, Sec. 12(b) of the Insurance Code are merely directory. We see no substantial difference between the position of Wimberly and Le Croix on the one hand and that of Taylor on the other. The order purporting to raise the salary of all three respondents is void and we assume the District Judge will so treat them. Otherwise the writ of mandamus will issue as prayed for.

The writ of mandamus is conditionally granted. No motion for rehearing will be entertained. Rule 515, Texas Rules of Civil Procedure.

Opinion delivered July 16, 1958.

Mr. Justice Smith concurring.

The expressions contained in my concurring opinion in Cause No. A-6901, State Board of Insurance et al. v. Honorable Chas. O. Betts, Judge of the 98th District Court of Travis County, Texas et al., this volume 620, 315 S.W. 2d 284, are adopted as my concurring opinion in this Cause.

Opinion delivered July 16, 1958.

Mr. Justice Calvert dissenting

I respectfully dissent from the holding that the order under attack in this case is void. I believe the order is a perfectly valid order. And if, as the majority have held, Sec. 12(b) of Art. 21.28, Texas Insurance Code, vests in the State Board of Insur-

ance exclusive power and authority to fix the compensation of attorneys employed to represent the receiver in insurance liquidations, then I believe the statute to that extent contravenes Section 1 of Article II of the Constitution of Texas[1] and is itself void.

The order under attack in this case does not occupy the same status as the order this day held void in Cause No. A-6901, State Board of Insurance v. Chas. O. Betts, this volume 612, 315 S.W. 2d 279. I have agreed to the holding in that case. Moreover, I am satisfied that our recent decision in Cause No. A-6540, State Board of Insurance v. Chas. O. Betts, this volume 83, 308 S.W. 2d 846, supports our holding in Cause No. A-6901, but I am equally satisfied that it does not support the majority view in this case. On the contrary, that decision and the decisions from other state jurisdictions on which we there relied seem to me to compel a holding that the order under attack in this case is not void.

We should not mistake the true question which we are to decide in this case. It is *not* whether, in our opinion, the salary schedule set by the State Board of Insurance is more reasonable than that set by the District Judge. It is *not* whether, in our opinion, these receivership proceedings could be more expeditiously and economically administered by the State Board of Insurance than by the District Court. The question is this: to which governmental agency, the State Board of Insurance or the District Court, do the Constitution and laws of this state confide *final* jurisdiction and power to control the administration of the receivership assets?

The majority hold that sec. 12(b) of Art. 21.28 confides that final power and jurisdiction to the State Board of Insurance, and that the statute imposes on the court a mandatory duty to approve whatever action the Board may take with respect to fixing the compensation of the liquidator, deputy liquidators, counsel, clerks, and assistants. It is only by so holding that the majority are able to declare the order involved in this proceeding void. Wholly aside from the fact that the holding is directly contrary to what we said in State Board of Insurance

---

1 Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

v. Betts, this volume 83, 308 S.W. 2d 846, it will hardly stand examination and analysis as I shall undertake to demonstrate.

It is my position that Art. 21.28 should be considered and interpreted as a whole in the light of the basic and fundamental law of this state, and that when that is done the provisions of sec. 12(b) which purport to empower the Board to fix salaries should be held to be directory only.

Article 21.28 does not provide for a purely administrative liquidation of insolvent insurance companies. The Legislature may have so intended as an amicus curiae suggests, but it did not so provide. Extensive supervision and control of liquidations is vested in the courts by the very terms of that Article. Many of the statutory provisions conferring judicial control are noted in our opinion in State Board of Insurance v. Chas. O. Betts, this volume 83, 308 S.W. 2d 846, 852, and they need not be noted in detail here. It is enough to note those which in my judgment give validity to the order increasing the compensation of attorneys.

A receivership proceeding against an insurance company may *only* be commenced in *a court* (sec. 1(b) ), and *only a court* may determine the necessity for the appointment of a receiver. Sec. 2(a). The court may, *on its own motion* and at any time during a proceeding, issue such orders "as may be deemed necessary to prevent interference with the receiver *or the proceeding*, or waste of the assets of the insurer." Sec. 4(b). Upon taking possession of the assets it is the duty of the receiver to take steps to liquidate them "subject to the direction of the court." Sec. 2(e). These provisions, standing alone, would seem sufficient to authorize the order under attack in this case. But if that be not so, authority to make it is put beyond question by the opening sentence of sec. 2(b) where it is provided that "the property and assets of such insurer *shall be in the custody of the court* as of the date of the commencement of such delinquency proceedings."

Far from removing the assets of insolvent insurance companies which are in receivership from control of the courts, the Legislature has thus committed the assets of such companies to the custody of the courts. Such assets are in custodia legis. The powers of the government of the State of Texas over them lie with the judicial branch of the government, and under the provisions of sec. 1 of Article II of the Constitution "no person or collection of persons" of the Legislative or Executive branches

of the government may exercise any of the powers attached to the courts.

The compensation paid the three attorneys is not paid from any fund over which either the Legislative or Executive branches of the government has control. The compensation is not paid from a state fund, either general or special. Even if assets of these companies were in a state fund, subject to legislative control, they could not be made available for payment of compensation for personal services without an appropriation by the Legislature which has not here been made. But they are not in a state fund, and the Legislature could not have appropriated them to a specific state use even had it tried. The Legislature itself recognized this basic limitation on its own power when it provided in sec. 12(b) for final approval by the courts of all expenditures from receivership funds or assets.

In passing on the power of a court to appoint an attorney in State Board of Insurance v. Betts, this volume 83, 93, 308 S.W. 2d 846, 853, we used this language:

"If, in the discharge of the duties of supervision placed upon him by statute, the District Judge decides that other or additional counsel are essential to the proper administration of a pending receivership case, such decision, while it may be subject to correction in other proceedings, may not be held void in a mandamus action in the absence of a clear showing of unreasonable, capricious and arbitrary action."

The same section of Art. 21.28 which provides for the setting of salaries by the Board uses the same mandatory language in providing for the appointment of counsel by the Board. It is not suggested that the court in this case has acted unreasonably, capriciously or arbitrarily in adding to the compensation of the three attorneys. As a matter of fact, as the majority opinion discloses, the compensation of two of the attorneys as set by the court is within the limits of the Board's own budget and the third exceeds the budget figure only slightly. Are we not now in position of holding that while the court may not encourage and reward hard work and long hours by those already employed to the extent of an expenditure of $1800.00 per year, it may add another attorney at a cost to the receivership of from $7,000 to $10,000 per year?

How far are we prepared to go in holding that sec. 12(b) imposes on courts a mandatory duty to approve, without ques-

tion, all salaries set by the Board? Having held that the court cannot increase the compensation of attorneys to a figure it regards as fair and reasonable, must we not then hold that the court cannot *reduce* the compensation below the Board's figure, even if the court regards it as too great an encroachment on receivership assets or out of line with services performed? And what of other types of expenses? Section 12(b) also provides that the court *shall* approve all reports of expenses properly authenticated and filed by the liquidator-receiver, unless objection is filed within ten days. Does that mean that the court itself may not, on its own motion, authorize other expenditures it regards as proper in the preservation of the assets of the receivership? Does the use of the mandatory words "shall approve" mean that the court is without power, in the absence of objection, to audit such accounts and eliminate items it regards as improper or wasteful of assets?

There is no more mandatory language in Art. 21.28 than that which has been quoted above from sec. 2(a). It says that the property and assets of an insolvent insurance company *"shall* be in the custody of the court." Having thus placed the assets in the custody of the courts and charged the courts with the final responsibility of administering and preserving them, has the Legislature then denuded the courts of the final power to carry out the responsibility by making the orders of the courts subject to the veto power of an administrative agency? I think not. May it do so? I think not.

We cited and quoted with approval from the case of In re Casualty Co. of America, 244 N.Y. 443, 155 N.E. 735, as authority for our decision in State Board of Insurance v. Betts, this volume 83, 308 S.W. 2d 846. The majority cite it again in their opinion in this case but now seek to distinguish it. The distinction is hardly valid. It is true that the New York court had before it only the narrow question of the power of the trial court to revise upward the allowed compensation of an attorney whose services had been engaged by the Superintendent of Insurance without an agreement in advance as to the compensation to be paid. But in deciding that question the court found it necessary to determine the much broader question of the respective powers of the statutory liquidator and the supervising court.

The governing provision of the New York statute was in much the same language as sec. 12(b) of Art. 21.28. It provided, [as quoted from In. re Casualty Co. of Am., 244 N.Y. 443, 448, 155 N.E. 736]:

" 'For the purposes of this section, the superintendent *shall* have power to appoint, under his hand and official seal, one or more special deputy superintendents of insurance, as his agent or agents, and to employ such counsel, clerks and assistants as may by him be deemed necessary, and give each of such persons such powers to assist him as he may consider wise. The compensation of such special deputy superintendents, counsel, clerks and assistants, and all expenses of taking possession of and conducting the business of liquidating any such corporation *shall* be fixed by the superintendent, subject to the approval of the court, and *shall*, on certificate of the superintendent, be paid out of the funds or assets of such corporation.' "

In interpreting the statute to delineate the respective powers of the superintendent and the trial court, the Court of Appeals in an able opinion by Chief Justice Cordoza said:

"The liquidator *may find it convenient in the administration of the business to hire deputies or clerks or counsel at an agreed rate of compensation,* or to attain a like result, when agreement has been omitted in advance of the approval of a bill or the settlement of an account, the approval or the settlement being ineffective without the creditor's assent. He may find it convenient, when incurring other expenses, to follow the same course. He has authority under the statute to do this if he will. The statute is notice to him however, and to any one who deals with him, that the agreement, *whatever its form,* is of merely provisional validity. He may fix the rate of compensation as a trustee or an assignee for creditors or a receiver may be said to fix it (Cf. L. 1903, c. 336 Sec. 9), *but subject at all times to the approval of the court. The meaning is that even when he acts, the court shall have a veto.* [244 N.Y. 448, 449] 155 N.E. 736.

\* \* \* \*

"Argument is made that what the liquidator does *in fixing the value of a service,* if not exempt altogether from review by the courts, must be held to be exempt unless power and discretion have been flagrantly abused. When he is merely wrong, the court is helpless, but when he is very wrong indeed, its authority is restored. There can be no basis for this distinction unless it be in the assumption that the superintendent is an arbitrator whose award is not impeachable for error in the determination of the merits, but impeachable only for mistake appearing upon the face thereof, or for fraud, or abdication of

duty equivalent to fraud. (Cases cited). But an arbitrator he is not, as we have already sought to show. * * * Terms more distinct than any to be found in this enactment must stamp him a judge before the courts will be shorn of the power of supervision that would otherwise be theirs." 155 N.E. 737, 750.

The majority, as indicated, seek to distinguished the foregoing case on the ground that it involved the fixing of compensation for services for which there had been no advance agreement, whereas compensation in this case was fixed in advance on a yearly basis. But, the New York Court of Appeals clearly held that the trial court had *final power of revision* over the compensation of counsel for the liquidator whether the compensation was fixed by the liquidator in advance or was left open to be fixed after completion of the services. The holding is especially significant in view of the fact that the intermediate court had held that the trial court had power *to cut down* the superintendent's award of compensation but had no power *to increase it.*

If the tenuous distinction between the cases found by the majority be nevertheless a valid one, cannot the district court achieve the same result in this case? If the attorneys are administrative employees, they owe for their salaries only forty hours of work per week. Article 5165a, Vernon's Annotated Texas Statutes. The record indicates that they have been working in excess of the number of hours for which they are paid by salary. What, then, is to prevent the court from allowing a "claim" for extra compensation for overtime work?

If the Legislature had not intended the courts to have *final* power and jurisdiction to determine the compensation for personal services and other expenses to be paid from the assets of an insurance company in receivership, it should not have placed the assets in the custody of the court, and should not have conferred upon the courts what we termed in State Board of Insurance v. Betts, this volume 83, 91, 308 S.W. 2d 846, 853, "an extensive judicial control of delinquency proceedings." Having done so, however, we are brought face to face with the question of whether the Board or the courts have the veto power when the two cannot agree. May the Board veto the extensive judicial control of the courts over the assets committed to their custody? Or may the courts exercise a right of veto over Board proposals? The majority have, in effect, answered these questions in favor of the Board and have thus approved legisla-

tive and administrative interference with the exercise of constitutional judicial power.

Once an insurance receivership is begun in a district court and that court acquires control of the rceivership assets, the power to deal with the assets in the payment of receivership expenses is conferred on the courts by sections 1 and 8 of Article V of the Constitution. Any legislation which interferes with the effective exercise of that power and hampers the court in its effective exercise is unconstitutional and void. 11 Am. Jur. 908, Constitutional Law, Sec. 206. We recognized that to be the rule in State Board of Insurance v. Betts, this volume 83, 308 S.W. 2d 846, 851. Apparently the majority have now abandoned it; else, how can it be said that an administrative agency may exercise a power of veto over the reasonable exercise of the power by the court? I repeat, the right of the Board to determine the compensation of attorneys engaged in liquidating receivership assets should be held directory and sec. 12(b) of Art. 21.28 would then have no unconstitutional aspects. That, in effect, was the holding of the courts in State ex rel Sorenson v. State Bank of Minatare, 123 Neb. 109, 242 N.W. 278 and Cooper v. Otero, 38 N.M. 164, 29 Pac. 2d 341.

The step the majority have taken to resolve a confused and unwholesome situation arising out of a conflict of authority is neither a logical nor a proper one. It makes for confusion twice confused. It puts this court in the receivership business. Where as the statute purports to confer the power of administering insurance receiverships on the State Board of Insurance under the supervision of the district courts, we have now said, in effect, that this court will assume final supervision of all of the acts of the trial court in supervising the details of such proceedings, and will, in a mandamus proceeding, expunge any order made by a district judge not proposed or approved by the State Board of Insurance. Or is it only those orders not approved by us? The court should not permit itself to be so used to perfect imperfections in the law. That is a legislative and not a judicial function.

The inharmonious relationship between the State Board of Insurance and the District Judge of the 98th Judicial District is unfornate. It is not within the province of this court to assess fault for that situation, or to question the motives of either. I do not do so. I assume that both have acted in the good faith belief that they were exercising only those powers which the law conferred upon them for a proper administration of insurance receiverships. Which has the final power in the premises

is a legal question, not a personal one. The question is not to be decided by sharp words or insinuations with respect to the conduct of either agency. They have found no place in this opinion.

I would deny the writ of mandamus in this case.

Opinion delivered July 16, 1958.