

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 24, 1959

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-746

Re: Article 21.28 Texas Insurance
Code and the payment of con-
tributions under the Texas Un-
employment Compensation Act
on employees of the State
Liquidator.

Dear Mr. Harrison:

Your request for an opinion has been received and we quote
from your request as follows:

". . .the Liquidator named and appointed under
the authority of Article 21.28, Texas Insurance Code,
has been making contributions to the Texas Employ-
ment Commission as prescribed by the Texas Unem-
ployment Compensation Act on the attorneys, clerks,
and other assistants, including the accounting and
secretarial personnel, employed by the Liquidator
under the authority of the State Board of Insurance.
All of these employees are named and appointed by
the Commissioner of Insurance in accordance with
Section 12(b), Article 21.28, Texas Insurance Code.

"We respectfully request your opinion as to
whether the employees in the office of the Liquidator,
who are appointed in accordance with Section 12(b),
Article 21.28, Texas Insurance Code, are subject to
the terms of the Texas Unemployment Compensation
Act? In other words, must contributions be paid on
such employees?"

Article 21.28, Section 12(b) provides in part as follows:

"The Board shall have the power to appoint
and fix the compensation of the Liquidator and of
such special deputy liquidators, counsel, clerks, or
assistants, as it may deem necessary. . ."

Attorney General Opinion No. S-141 held that the Liquidator
and his employees appointed under Article 21.28, Texas Insurance Code,
were State employees within the terms of the State Employees Retire-
ment Act and were eligible for membership in the Employees Retirement

System of Texas. However, the opinion declined to pass on the question of their coverage under the Texas Unemployment Compensation Act because of a prior federal ruling requiring such employees to make contributions under the Federal Unemployment Tax Act. Since the writing of this opinion, the Supreme Court of Texas has had before it questions concerning the status of certain employees of the State Liquidator.

In the State Board of Insurance v. Betts, 315 S.W.2d 286 (1958) on an original action of mandamus brought by the State Board of Insurance and the Insurance Commissioner, praying that a district judge be instructed to expunge an order entered by him purporting to increase the monthly compensation allowed to attorneys for the liquidator-receiver in insurance company receivership cases pending in his district court, the Supreme Court held that, the provisions of the statute, giving the State Board of Insurance power to appoint and fix compensation of the Liquidator and his counsel is mandatory and the judge's order increasing the compensation in disregard of the statute was void. This decision, and two earlier ones by the Texas Supreme Court (State Board of Insurance v. Betts, 308 S.W.2d 846 and State Board of Insurance v. Betts, 315 S.W.2d 279) have confirmed the constitutionality of Article 21.28, Sec. 12(b), and affirmed that the full-time employees of the liquidator-receiver appointed in accordance with this section of the Texas Insurance Code are subject to the supervision and control of the Commissioner of Insurance. Attorney General Opinion No. WW-432 also sets out this same conclusion.

The Texas Unemployment Compensation Act by Section (5)(g) of Article 5221(b)-17 exempts state employees from making contributions under this Act, such section reading in part as follows:

> "(g) Service performed in the employ of this State or of any other state or of any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly-owned by this State or by one or more states or political subdivisions; and any service performed in the employ of any instrumentality of this State or of one or more states or political subdivisions to the extent that the instrumentality is with respect to such service, exempt under the Constitution of the United States from the tax imposed by Section 1600 of the Federal Internal Revenue Code;. . ."

In addition, the federal government has reversed its prior ruling and by letter under date of September 1, 1959 from the Director of Tax Rulings, Division of the Secretary of the Treasury of the United States, held that:

"We conclude that the liquidation division
is an integral part of the Board of Insurance Com-
missioners, an agency of the State of Texas.
Individuals who act in a representative capacity and
who are appointed or employed pursuant to Section
12(b) of Article 21.28 of the Texas Insurance Code
by the Board of Insurance, are employees of the
Board. Their services in such capacity are excepted
'employment' under the Federal Insurance Contri-
butions Act and the Federal Unemployment Tax Act
by Sections 3132(d)(7) and 3306(c)(7), respectively,
of the Internal Revenue Code."

And further, by a letter dated October 9, 1959, to C. H.
Langdeau, State Liquidator, the group supervisor of the United States
Treasury Department, Internal Revenue Service, District Director's
Office, Austin, Texas, stated that:

"It is our opinion that you are correct in your
interpretation that the 70 some-odd people employed
by the Liquidation Division on a continuing basis are
not employees of the estates of insurance companies
being liquidated."

Based on the reasoning of Attorney General Opinion No.
WW-432, the above cited Betts case and the new rulings from the
Internal Revenue Service, we conclude that the full-time employees
of the State Liquidator's Office insofar as Article 5221(b)-17, Sec.
(5)(g) is concerned are performing service in the employ of the
State and, therefore, are not required to make contributions under the
Texas Unemployment Compensation Act.

## SUMMARY

The full-time employees of the
State Liquidator appointed under Art-
icle 21.28 Sec. 12(b) employed on a
continuing basis are performing ser-
vice in the employ of the State insofar
as Article 5221(b)-17 Sec. (5)(g) is con-
cerned and are exempt from the Texas
Unemployment Compensation Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Richard A. Wells*
Richard A. Wells
Assistant

RAW:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Iola Wilcox

Gordon Cass

Fred B. Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore